State ex rel. Willis vs. Prince.

State ex rel. Willis vs. Prince.

REMOVAL OF COUNTY CLERK by County Board. *Authority of the board. Presumptions in favor of its action. Mere irregularities not considered in* quo warranto, *etc.*

1. By the statutes of this state, the county board of supervisors, by a two-thirds vote, may remove the clerk of such board, " when, in their opinion, he is incompetent to execute properly the duties of his office, or when, on charges and evidence, it shall appear to said board that he has been guilty of official misconduct, or habitual or willful neglect of duty, if, in the opinion of said board, such misconduct or habitual or willful neglect shall be a sufficient cause for such removal; " but an appeal lies

to the circuit court from the order of removal. R. S. 1858, ch. 14, sec. 6, amended by ch. 163 of 1869. In *quo warranto* to test the validity of such a removal: *Held*, that the statute gives the board the widest judicial discretion, which will not be revised or controlled except in the clearest case of abuse.

2. Where the board, having jurisdiction, makes the proper order and a final adjudication in such a case, mere *irregularities* in the proceedings cannot be taken advantage of *collaterally*, as upon *quo warranto*.

3. All reasonable presumptions must be made in favor of the regularity and validity of the action of public officers and tribunals.

4. The records of the board here, though informal, show sufficiently that written charges against the relator, of willful neglect of duty as county clerk, were duly preferred, and that the board adjudged him guilty, and passed and entered a proper order removing him from his office, and an order appointing defendant to fill the vacancy; and it appears, also, that a copy of the charges, and a notice of the time and place of the hearing, were delivered to the relator, and that he appeared thereat. *Held*, that this shows a lawful removal of the relator and appointment of the defendant.

5. On reversing a judgment of the circuit court in favor of the relator, this court directs the entry of a judgment establishing defendant's right to the office, and reinstating him if he has been ousted by the judgment reversed; it appearing that defendant was not only duly appointed, but has duly qualified, or done all that he could do to qualify.

APPEAL from the Circuit Court for *Ashland* County.

Action in the nature of *quo warranto*, to determine the right of the relator to the office of county clerk of Ashland county. The complaint alleges the election of the relator in November, 1876, for a term of two years from January 1, 1877; his subsequent entry upon the office, after having duly qualified; and that the defendant, on certain days of May, 1878, without legal warrant, held, exercised and enjoyed said office, and has claimed and still claims to hold and exercise the same. The judgment demanded is, that defendant is not entitled to said office, and that he be ousted therefrom; and that the relator is entitled, etc.

The answer was, that on the 12th of April, 1878, the relator was duly removed from said office by the board of supervisors of said county, by unanimous vote of all the members of said board, upon proof of official misconduct and willful neglect of duty, constituting, in the opinion of said board, a

sufficient cause for such removal, due charges of such misconduct and neglect having been preferred to said board, and notice of the hearing thereof, with a copy of the charges, having been delivered to the relator, and due opportunity given him to be heard; that no appeal was ever taken from such order; and that, immediately after the relator's removal, defendant was appointed by said board to fill the vacancy, and duly qualified and entered upon the duties of the office.

The circuit court found that the allegations of the complaint were true, and those of the answer not true; and held that plaintiff was entitled to the office in question, and to judgment of ouster against defendant. Defendant appealed from the judgment.

For the appellant, there was a brief signed by *John H. Knight* and *W. M. Tomkins*, and oral argument by *Mr. Knight* and *Wm. F. Vilas*.

*J. J. Miles*, for the respondent.

ORTON, J. Without considering any questions raised by the exceptions relating to the admissibility of the parol evidence, which in our view of the case are quite immaterial, we consider the adjudication of the board of supervisors of the county of Ashland, removing the relator from the office of county clerk of said county, and appointing the appellant to such office to fill the vacancy occasioned by such removal, final and conclusive as to the right to said office.

The board of supervisors has the fullest and most ample jurisdiction in such case, by the statute, and may remove such clerk "when, in their opinion, he is incompetent to execute properly the duties of his office, or when, on charges and evidence, it shall appear to said board that he has been guilty of official misconduct, or habitual or willful neglect of duty, if, in the opinion of said board, such misconduct or habitual or willful neglect shall be a sufficient cause for removal." Charges have to be preferred, and a notice of the time and place of the hearing have to be delivered to such clerk, and an opportunity given him for his defense. It requires a two-

thirds vote for such removal, and an appeal lies to the circuit court from the order of removal. Sec. 6, ch. 14, R. S. 1858, and amendment by ch. 163, Laws of 1869.

The language, "*if it shall appear* to said board that he has been guilty," and "*if, in the opinion of said board,* such misconduct, or habitual or willful neglect, *shall be a sufficient cause of removal*," gives to the board of supervisors the very widest judicial discretion, which will not be revised or controlled except in most clear and conclusive cases of abuse. In the case of *State on complaint of Kennedy v. McGarry,* 21 Wis., 496, this court held an adjudication following far less discretion, for the removal of the inspector of the house of correction of Milwaukee county, final and conclusive, and the order of removal *res adjudicata.* The proceedings of the board of supervisors in such a case are of a judicial character, the same as before any tribunal having jurisdiction of the subject matter and the parties; and irregularities cannot be taken advantage of collaterally to impeach the final judgment. *Nash v. Church et al.,* 10 Wis., 303. The only questions open to be considered in this proceeding of *quo warranto* are: Had the board of supervisors jurisdiction, and did they make the proper order and a final adjudication in the case, and were the records produced sufficient evidence of both?

The records of the board, though perhaps informal, are substantially sufficient, and show that written charges against the relator, of willful neglect of duty as county clerk in refusing to record certain proceedings of the board, were duly preferred, and that the board adjudged the relator guilty, and passed and entered a proper order removing him from said office, and also an order appointing the appellant to said office to fill the vacancy occasioned by such removal. The evidence sufficiently shows that a copy of such charges, and a notice of the time and place of the hearing thereof, were delivered to the relator, and that he in fact appeared at such time and place. All reasonable presumptions must be made in favor of the regularity and validity of the action of public officers and tribunals. *Tainter v. Lucas et al.,* 29 Wis., 375. We think this

evidence clearly shows that the relator was lawfully removed from the office of county clerk of Ashland county, and that the appellant was lawfully appointed to said office, and that he has duly qualified by taking the oath and filing the bond required by the statute, or that he has done all that he could do to so qualify for said office, and that he is lawfully entitled to said office.

*By the Court.* — The judgment of the circuit court is reversed, with costs, and the cause is remanded to the circuit court, with direction to enter the proper judgment establishing the appellant's right to the office of county clerk of Ashland county, and reinstating him therein, if he has been ousted therefrom by the judgment so reversed.

RYAN, C. J., took no part.

A motion by the respondent for a rehearing was denied.