THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM L.
   WARD, Appellant, *v.* THEODORE ROOSEVELT et al., Board of
   Police Commissioners of the City of New York, Respondents.

ELECTION LAW — OFFICIAL BALLOT — SELECTION OF DEVICE AND
PARTY NAME, IN CASE OF CONTEST. The provision of the Election Law
(L. 1896, ch. 909, § 56) empowering the officer with whom certificates of
nomination are filed to select a device and party name to be printed upon
the official ballots to distinguish factional candidates, in the case of con-
testing factions, applies to a contest between two or more conventions,
each claiming to regularly represent the same entire party in a given ter-
ritory or district.
*People ex rel. Ward* v. *Roosevelt*, 9 App. Div. 626, affirmed.

(Argued December 14, 1896; decided January 19, 1897.)

APPEAL by the relator from an order of the Appellate
Division of the Supreme Court in the second judicial depart-
ment, entered October 30, 1896, which reversed an order of
the Special Term directing that a peremptory writ of man-
damus issue commanding the respondents to desist and refrain
from printing the name of Ben L. Fairchild as a candidate
nominated by the National Republican party for representative
in Congress upon the official ballot.

The facts, so far as material, are stated in the opinion.

*Henry C. Henderson* and *J. Rider Cady* for appellant.
The remedy pursued by the relator to prevent the county
clerk of Westchester county and the board of police commis-
sioners of the city of New York from printing the name of
Mr. Fairchild upon the official ballot in the independent col-
umn as the candidate of the National Republican party for the
office of representative in Congress was appropriate, and was
properly invoked by him. (*People ex rel.* v. *Rice*, 129 N. Y.
449.) The secretary of state was neither a necessary nor
proper party to the proceeding. (L. 1896, ch. 909, § 60.)
The certificate of nomination of Ben L. Fairchild was filed
under section 56 of the Election Law, with the secretary of
state, and it appeared to be, and was claimed and intended to

47

370        People ex rel. Ward *v.* Roosevelt.        [Jan.,

Opinion of the Court, per HAIGHT, J.        [Vol. 151.

be, a nomination by the Republican party in the district, and not a nomination by a faction of that party, nor by any other party. (L. 1896, ch. 909, pp. 924, 925.)

*Francis M. Scott* and *Theodore Connoly* for respondents. The order reversed by the Appellate Division was made without jurisdiction. (L. 1896, ch. 909, § 56; *In re Emmet*, 150 N. Y. 538.)

HAIGHT, J. The time has passed in which an adjudication herein can affect the rights of the parties, but, inasmuch as the question involved calls for an interpretation of a statute which is of public importance, we have thought it wise to retain the case and consider it upon its merits.

The relator claims that, at a Republican convention of the sixteenth congressional district, held at White Plains on the 16th day of September, 1896, he was nominated for representative in Congress, and that the certificate of such nomination made by the convention was duly filed in the office of the secretary of state. It also · appears that Ben L. Fairchild claims to have been nominated for the same office by a Republican convention held on the same day at Yonkers, and that a certificate in due form, signed by the presiding officer and the secretary of the convention, was duly filed in the office of the secretary of state. Each of the persons so nominated filed objections to the certificate of his opponent, and the secretary of state, after hearing the parties, decided that Ben L. Fairchild was the Republican nominee and that his name should be placed upon the official ballot as the candidate for that party. A review was had in the Supreme Court by Justice EDWARDS, who overruled the determination of the secretary of state and held that the relator was regularly nominated and that his name should be printed upon the official ballot as the candidate for the Republican party in that district. Thereupon the secretary of state issued to the clerk of the county of Westchester and the board of police commissioners of the city and county of New York, in which the congressional dis-

trict in question was located, a certificate to the effect that a certificate of nomination of Ben L. Fairchild had been filed with the secretary of state, and the courts having decided that such nomination shall not be placed in the Republican column under the Republican emblem, the secretary of state, by virtue of the power in him vested by section 56 of the Election Law, has decided that said nomination shall be placed in an independent column under the name of the National Republican party and under the emblem of a flag and staff, with the word "Protection" thereon. The mandamus issued by the Special Term restrained the respondents from printing the name of Fairchild upon the official ballot as required by this certificate.

The statute, or so much thereof as is pertinent to the inquiry here presented, is as follows : " If there be a division within a party and two or more factions claim the same, or substantially the same device or name, the officer aforesaid shall decide between such conflicting claims, giving preference of device and name to · the convention or primary, or committee thereof, recognized by the regularly constituted party authorities; and if the other faction or factions shall present no other device or party name, the said officer shall select a different device and party name for each such other faction, which shall be used upon the ballots to distinguish its ticket. If two or more conventions are called by different authorities, each claiming to represent the same party for that purpose, the said officer shall select a suitable device and party name to distinguish the candidates of one faction from those of the other, and the ballots shall be printed accordingly." (Laws of 1896, chapter 909, § 56.) It is contended on behalf of the appellant that this provision of the statute refers solely to nominations by factions within the same party, and has no reference whatever to a contest between two or more political conventions, each claiming to regularly represent the entire party in a given territory or district. We quite agree that the statute has reference to factions within a party, for it, by express terms, so provides; but we are unable to indorse the

appellant's contention that it has no application to a contest between two or more conventions, each claiming to regularly represent a political party. To so hold would virtually nullify the provision with reference to factions. It is not common for a convention to nominate two or more candidates for the same office. Ordinarily such nominations are made by opposing factional conventions, each claiming regularity and to represent the principles of their party. It is such factional contests that the statute was designed to cover, and such appears to have been the contest waged between the relator and Fairchild.

It appears to us that the statute was properly construed by the Appellate Division, and that its order reversing the determination of the Special Term, and denying the motion for a mandamus, should be affirmed.

All concur.

Order affirmed.