State ex rel L. C. CALDWELL v. J. W. WILSON.

*Practice—Motion to Recall Execution Issued from this Court—Motion to Set Aside Writ of Supersedeas Issued by Supreme Court of United States.*

1. This Court has no power to set aside or to pass upon the regularity of a writ of *supersedeas* issued by the Supreme Court of the United States.

2. In an action in the nature of *quo warranto* to try the title of an office to which the relator had been appointed and had qualified, the judgment of this Court in his favor immediately upon its being filed, and *ex proprio vigore*, placed the relator in possession of the office with the right to exercise its duties and draw the salary attached thereto from the time of his appointment, and no process of this Court was necessary for that purpose.

3. In such case, the judgment of this Court, having taken effect immediately, is not superseded by a writ of error from the United States Supreme Court, whether regular or irregular.

4. Though an execution issued from this Court was unnecessary to give effect to such judgment by placing the relator in possession of the office, it will not be recalled on motion of the defendant.

The opinion and judgment in the case of *Caldwell* v. *Wilson* (*ante*) were handed down on December 23, 1897, at

4:30 p. m. and at 5:30 p. m. on December 23, the plaintiff, through his counsel, William H. Day, obtained a writ of execution, directed to the Sheriff of Wake County in the following words:

"The State of North Carolina to the Sheriff of Wake County, Greeting:

Whereas in the above entitled cause it was adjudged at this Term that the defendant wrongfully withholds possession of the office of Railroad Commissioner from the plaintiff relator, and that plaintiff relator is entitled to the possession of the same, these are therefore to command you forthwith to put the relator in possession of the rooms occupied as offices of the Railroad Commissioners, in the Agricultural building on Edenton Street, and known as the Railroad Commission Offices, together with all property, papers and effects appertaining or belonging to said offices, and to oust the defendant from said office and to induct the plaintiff's relator into the same, and you shall make due return thereof on the first day of the next Term of this Court."

At 7:10 p. m., December 23, the defendant filed writ of error and bond, &c., to Supreme Court of the United States, with copies of the writ for the State of North Carolina, and for relator.

Upon the opening of the Court on December 24 the following proceedings were had:

The plaintiff, through his counsel, William H. Day, moved (orally) in open Court to set aside the *supersedeas* proceedings or adjudge them irregular. And the counsel for the defendant submitted the following motion:

To the Honorable, the Supreme Court of North Carolina: The defendant respectfully shows to the Court that the judgment herein was rendered in the afternoon of Thursday, December 23, 1897; that execution thereon was issued by the Clerk of this Court to the Sheriff of Wake County about

121—61

CALDWELL *v.* WILSON.

5:30 o'clock p. m. on the same day, but has not been executed; that the defendant's counsel sued out a writ of error to the Supreme Court of the United States, which was duly issued by the Clerk of the United States Circuit Court for the Eastern District of North Carolina, and was allowed by the Chief Justice of this Court on the same day; that the defendant also gave a good and sufficient bond in a penal sum fixed by his Honor, the Chief Justice, conditioned as a *supersedeas* bond, who duly approved said bond and signed the citation; that at 7:10 o'clock p. m. the defendant's counsel filed said writ of error and bond in the Clerk's office. of this Court, and at the same time lodged therein a copy of said writ of error for the State of North Carolina, and a copy for L. C. Caldwell. The defendant submits to the Court that the judgment of the Court is superseded and he respectfully asks that the said execution be recalled.                R. O. BURTON,

SPIER WHITAKER, for defendant.
This 24th December, 1897.

On the same day, December 24, the following opinion was handed down:

CLARK, J.: This is a motion by defendant to recall the execution which issued to put the relator in possession of the furniture, rooms and other tangible property belonging to the Railroad Commission. The relator moved to set aside the *supersedeas* proceedings or adjudge them irregular. We are of opinion that we have no power to set aside the writ of error or pass upon the regularity thereof. We are also of opinion that the judgment of this Court *ex proprio vigore* placed the relator in possession of the office at the time the judgment was filed. He having already qualified, no process was necessary for that purpose. He is in full possession of the same and entitled to exercise its duties and draw the salary thereto attached, from the date of his

appointment.   The judgment took effect immediately upon being filed, and is not superseded by the subsequent writ of error, regular or irregular.   *Foster* v. *Kansas*, 112 U. S., 201.   The relator being in office by virtue of the judgment of this Court, any attempt by the defendant to exercise its functions, or to interfere with the full and free exercise thereof by the relator, and any attempt by any one else to interfere by alleged legal process or otherwise, unless and until the Supreme Court of the United States shall reverse the judgment of this Court, will be a contempt of this Court. We decline to make any order recalling the execution. Both motions refused.