STATE EX REL. GINN and others, Appellant, vs. WILSON and others, Respondents.

*March 24—April 19, 1904.*

*Schools: Establishment of text-books: Powers of board: Contracts:* Mandamus.

1. The duty of a board of education, imposed by the city charter, "to establish the text-books to be used" in the schools, is persistent and continuous; and the board cannot, certainly without express legislative authority, disable itself to perform such duty by contract or by resolution not to exercise its power for any given period.
2. The action of the board in the performance of such duty will not be dictated or controlled by courts, especially not by *mandamus.*

524    SUPREME COURT OF WISCONSIN.    [APR.

State ex rel. Ginn v. Wilson, 121 Wis. 523.

APPEAL from an order of the circuit court for Fond du Lac county: MICHAEL KIRWAN, Circuit Judge. *Affirmed.*

This case presents a continuation of the controversy, one ·aspect of which was considered in *Madden v. Kinney,* 116 Wis. 561, 93 N. W. 535, where many of the material facts are stated, as also the charter provisions for power of the board of education. In addition to the facts there stated, it ·appeared that on April 19, 1902, the board of education duly passed a resolution reciting the adoption of certain text-books by the resolution of July 30, 1901, and declaring such resolution to be rescinded. On August 26, 1902, the board, by resolution, established as text-books to be used in the public ·schools of said city certain other books covering the field of .the geographies published by the relators and adopted by the resolution of July 30, 1901. Meanwhile, no steps having been taken to introduce or use in the schools the books of re-lators' publication, alternative writ of *mandamus* was issued ·upon petition of the relators, which was met by a motion to ·quash and also by a return, to which latter a demurrer was interposed. The parties appeared in court, and, as stated in the judge's opinion, submitted the whole question raised as upon a motion for judgment upon the pleadings. The court thereupon decided against the right of the relators to main-tain *mandamus,* and accordingly ordered that the writ be quashed and that the motion for peremptory writ be denied, from which order the relators appeal.

For the relators there was a brief by *Giffin & Sutherland,* ·and oral argument by *D. D. Sutherland.* They contended, *inter alia,* that it is *res adjudicata* that the adoption and con-tract by the board in 1901 are valid. *Madden v. Kinney,* 116 Wis. 561. A subsequent board has no power to annul them without the consent of the parties in interest. *Home C. Co. v. Duncan,* 68 S. W. 15. *Mandamus* is the proper rem-edy, where school authorities fail to use books regularly adopted. *People ex rel. Weed-Parsons P. Co. v. Palmer,* 35

N. Y. Supp. 222; *State ex rel. Speer v. Baker,* 4 Kan. 379; *People v. Frost,* 32 Ill. App. 242; *Jones v. Board,* 88 Mich. 371; *State ex rel. Flowers v. Board,* 35 Ohio St. 368; *State ex rel. Clark v. Haworth,* 122 Ind. 462; *State ex rel. Snoke v. Blue,* 122 Ind. 600; *State ex rel. Roberts v. Board,* 74 Mo. 21; *Independent Dist. of Eden v. Rhodes,* 88 Iowa, 570; *People ex rel. Nat. C. Co. v. Dulaney,* 96 Ill. 503; *Milburn v. Comm'rs,* 112 Ga. 160, 37 S. E. 178; *People ex rel. Lighton v. McGuire,* 65 N. Y. Supp. 463; *Home C. Co. v. Duncan,* 68 S. W. 15.

For the respondents there was a brief by *J. M. Gooding,* attorney, and *Maurice McKenna,* of counsel, and oral argument by *Mr. McKenna.*

Dodge, J.  The charter of Fond du Lac imposed on the board of education the duty to "establish the text-books to be used" in the schools.  Thus was conferred a function distinctively legislative to act upon a question of policy of grave importance to the welfare of the community.  The duty to exercise such function is persistent and continuous.  At every moment of time it is the right of the public, and reciprocally the duty of the board, that they see to it that such text-books are established for use as that board, in reasonable exercise of judgment, believes to be for the general welfare.  Of such a power and duty it cannot, certainly without express legislative authority, disable itself by contract nor by any resolution not to exercise it for any given period.  *Goszler v. Georgetown,* 6 Wheat. 593; *Freeport W. Co. v. Freeport,* 180 U. S. 587, 21 Sup. Ct. 493; *Gale v. Kalamazoo,* 23 Mich. 344; *Waterbury & Co. v. Laredo,* 68 Tex. 565, 576, 5 S. W. 81; *Gaslight & C. Co. v. Columbus,* 50 Ohio St. 65, 33 N. E. 292; *Lord v. Oconto,* 47 Wis. 386, 2 N. W. 785; *State ex rel. Cream City R. Co. v. Hilbert,* 72 Wis. 184, 39 N. W. 326; 1 Dillon, Mun. Corp. § 97.  The selection and establishment of school books being thus a purely legislative function which

·the board is bound to exercise for the general good, there is no ·clear duty imposed by law to exercise it otherwise than in accordance with their judgment and discretion as to what public welfare requires. Such action will not be dictated or ·controlled by courts, especially not by *mandamus.* *State ·ex rel. Comstock v. Joint School Dist.* 65 Wis. 631, 27 N. W. 829; *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 81 N. W. 1046; *New Orleans W. W. Co. v. New Orleans,* 164 U. S. 471, 481, 17 Sup. Ct. 161. The decision of the trial ·court was clearly right.

*By the Court.*—Order affirmed.