STATE EX REL. RUDOLPH and others, Respondents, vs.
HUTCHINSON, Mayor, Appellant.

*December 17, 1907—January 8, 1908.*

*Municipal corporations: Amendment of charter: Aldermen: "Com-
pensation:" "Salary:" Mandamus to mayor to sign warrants on
city treasurer: Discretion.*

1. The city of Janesville duly adopted sec. 925—30, Stats. (1898),
   providing that the common council shall by ordinance provide
   such salaries or compensation for the officers and employees
   of the city as it shall deem proper; provided, that in cities of
   the second, third, and fourth classes no salary shall be paid to
   the mayor or members of the common council except when or-
   dered by a vote of three fourths of the members-elect of the
   council.  *Held:*
      (1) The express words of affirmative grant of power to the

council confer authority to compensate any officer in such manner as to the council shall seem wise.

(2) The words "salary" and "compensation" are both used in order to repudiate any restriction to the more technical significance of the word "salary."

(3) The last clause is not significant of any contrary intention.

(4) The last clause is a restrictive clause, in effect qualifying the grant made by the earlier words, and, if there be any distinction between salary and compensation, it is the restraint and not the grant of authority which is thereby confined to salary.

2. The charter of the city of Janesville (ch. 221, Laws of 1882), in sec. 2, subch. XII, declares that all orders drawn upon the treasurer must be signed by the mayor or presiding officer of the council and countersigned by the clerk, except as provided by sec. 2, subch. III, thereof, which last section provides, with reference to ordinances, that if the mayor approves he shall sign and return to the clerk, and if not he shall return it with his objection to the common council, who may then reconsider and pass it over his veto by a two-thirds vote, and also that the "mayor may withhold his signature to any order directed to be drawn upon the city treasurer, but the common council may, by a two-thirds vote of its members, direct the mayor to sign such order," whereupon the order may be paid without his signature. *Held:*

(1) The function of the mayor in signing orders on the city treasurer is identical with that of signing ordinances, and each is accompanied by the power of withholding such signature in his discretion.

(2) This discretion of the mayor is absolute and unquestionable and beyond control by courts, whether by *mandamus* or otherwise.

APPEAL from a judgment of the circuit court for Rock county: GEORGE GRIMM, Circuit Judge. *Reversed.*

Action of *mandamus.* The petition alleged the petitioners to have been aldermen of the city of Janesville; that on February 5, 1906, the common council by due vote adopted as an amendment to the special charter of Janesville sec. 925—30, Stats. (1898), which authorized the council to provide for payment of salaries to the mayor and aldermen; that thereafter, but on the same day, the council by the required three-

fourths vote passed an ordinance fixing the salaries of various officers, which provided that each alderman should receive $5 for each regular meeting of the common council attended by him; that the petitioners were all elected to office after the adoption of such ordinance, and after their said election and qualification were duly paid in accordance therewith until January, 1907, when the city attorney declared his opinion that they were not entitled thereto; that on the 21st of January an order was duly passed by the common council allowing to the petitioners compensation in accordance with said ordinance, to wit, $10 each, except *Rudolph,* to whom only $5 was allowed for attendance during the month of January; that the charter of the city makes it the duty of the mayor to sign orders on the treasurer for the payment of money, and that such order is essential to the payment of the petitioners unless the council at a stated meeting thereafter by two-thirds vote of its members directs the mayor to sign such orders, which direction, so adopted, being indorsed on the back of the order, is equivalent to the mayor's signature, but that it is impossible to obtain such two-thirds vote of the council; that such defendant absolutely refused to sign said orders, declaring his reasons therefor in a written opinion to the council and asserting the invalidity of their claim thereto under the charter as amended. The foregoing facts were substantially all admitted, except as to their legal effect, by the return, and the court found in accordance therewith, and thereupon entered judgment for the issue of peremptory writ of *mandamus* commanding the mayor to sign orders as prayed by the petition, from which judgment the defendant appeals.

*H. L. Maxfield,* for the appellant.

*Thos. S. Nolan,* for the respondents.

DODGE, J. The effect of the adoption of sec. 925—30, Stats. (1898), as an addition to and amendment of the city charter unquestionably was to authorize payment of salary

and compensation to the mayor and aldermen in common with the other officers of the city. Being the latest portion of said charter legislatively adopted, it of course superseded former portions thereof inconsistent therewith. That section provided:

"The common council shall by ordinance provide such salary or compensation for the officers and employees of the city as it shall deem proper; provided, that in cities of the second, third and fourth classes no salary shall be paid to the mayor or members of the council except when ordered by a vote of three fourths of the members-elect of the council."

It is contended that a distinction is here made between salary and compensation, and that as the latter portion prescribing the vote in the case of mayor and aldermen refers only to salary, it must be construed as permitting only compensation by way of salary to those officers, and that a fixed fee for a specific duty is not a salary. Several answers to this contention might be suggested. We, however, think it obvious that the express words of affirmative grant of power to the council confer authority to compensate any officer in such manner as to the council shall seem wise, and that the words "salary" and "compensation" are both used in order to repudiate any restriction to the more technical significance of the word "salary." We do not deem the last clause as significant of any contrary intention. It is a restrictive clause, in effect qualifying the grant made by the earlier words, and, if there is any distinction between salary and compensation, it is the restraint and not the grant of authority which is thereby confined to salary.

But even though the relators be entitled under this resolution to receive from the city these several sums, there still remains the question whether the specific duty of signing an order therefor is anywhere by mandatory and unambiguous words of the statute imposed upon the mayor as a mere ministerial duty, absolute and not discretionary. The only words in the charter which impose any such duty upon the mayor

are contained in sec. 2, subch. XII, of that charter (ch. 221, Laws of 1882), which declares that all orders drawn upon the treasurer must be signed by the mayor or the presiding officer of the council and countersigned by the clerk, except as provided in sec. 2, subch. III. The last-mentioned section, relating to the duties of mayor, *inter alia*, provides with reference to ordinances that if he approves he shall sign and return to the clerk, and if not he shall return it with his objections to the common council, who may then reconsider and pass over his veto by two-thirds vote, and then provides:

"The mayor may also withhold his signature to any order directed to be drawn upon the city treasurer, but the common council may, at any stated meeting thereafter, by two-thirds vote of its members, direct the mayor to sign such order."

Whereupon the order may be paid without his signature.

Taking these two provisions together it is apparent that the function of the mayor in signing orders is identical with that of signing ordinances; that each is accompanied by the power of withholding such signature in his discretion and thus requiring a two-thirds vote of the council to its validity. This is the veto power found in nearly all constitutions and charters whereby the chief executive is given a participation in the legislative power. It therefore confers a discretion of the most absolute and unquestionable character, as free from restraint as the very vote of the aldermen. It is beyond control by courts, whether by *mandamus* or otherwise. *State ex rel. Marlin v. Doyle,* 38 Wis. 92; *State ex rel. C. Reiss C. Co. v. Born,* 97 Wis. 542, 73 N. W. 105; *State ex rel. Gericke v. Ahnapee,* 99 Wis. 322, 74 N. W. 783; *State ex rel. Rose v. Superior Court,* 105 Wis. 651, 81 N. W. 1046; *State ex rel. Ginn v. Wilson,* 121 Wis. 523, 99 N. W. 336; *New Orleans W. W. Co. v. New Orleans,* 164 U. S. 471, 481, 17 Sup. Ct. 161.

*By the Court.*—Judgment reversed, and cause remanded with directions to dismiss the writ.