STATE EX REL. VANDERWALL, Respondent, vs. MAYOR AND COMMON COUNCIL OF THE CITY OF PHILLIPS and others, Appellants.

*January 13—January 28, 1908.*

Mandamus: *Public improvements: Sewers.*

1. The duty of providing for and constructing sewers by a municipality is a *quasi*-judicial or legislative power involving judgment and discretion, and where the record shows an attempt by *mandamus* to compel the common council of a municipality to proceed with the performance of such duty no case is made for the issuance of the writ.

2. The expediency of entering upon public improvements is left almost entirely to the judgment of the local authorities, and the performance of *quasi*-judicial or legislative duties in regard thereto will not be controlled by *mandamus.*

APPEAL from an order of the circuit court for Price county: JOHN K. PARISH, Circuit Judge. *Reversed.*

*Mandamus* against the mayor, common council, and street committee of *Phillips.* The petition sets forth, in effect, that petitioner is a citizen, resident, property owner, and tax-

payer of the city of *Phillips;* that said city is a city of the
fourth class, organized and existing under ch. 40*a*, Stats.
(1898) ; that by vote duly taken the city dispensed with the
board of public works, and their duties devolved upon and are
exercised by a committee of the common council known as
the street committee; that prior to 1906 said city was divided
into sewerage districts and a system of sewerage adopted and
partially constructed; that the sewerage system constructed
is in use to the north line of the block in which the property
of the petitioner is situated; that petitioner is engaged in the
erection of a hotel building on lot 5, block 4, fronting on Lake
street, which is the principal business street of the city, to be
equipped with modern appliances and conveniences for sup-
plying the same with light, heat, water, and drainage; that
before commencing said building operations petitioner was
assured by all the members of the common council that a
petition of the property owners in said block for a sewer
would be granted; that relying upon such assurances he has
partially completed such hotel building; that he has been de-
layed and prevented from completing it by reason of water
accumulating therein, with no means or facilities for drain-
ing the same; that at a regular meeting of the common coun-
cil held on June 18, 1906, a petition signed by the owners of
property in said block 4 fronting on Lake street petitioning
for the extension of sewerage along Lake street was presented,
whereupon on motion made and carried it was determined to
extend sewerage of the city south on Lake street to Maple
street in accordance with the prayer of the petition; that the
mayor and chairman of the street committee are opposed to
such extension, and each of them is giving out that the city
has no legal authority to construct said sewer; that the mayor
is threatening to institute legal proceedings to restrain the
construction of said sewer, and by other unlawful and arbi-
trary means is doing all in his power to prevent the construc-
tion of said sewer; that the street committee has unreasonably

and negligently refused, and still wilfully, unreasonably, persistently, and negligently refuses, to take steps to give effect to the determination of the common council of June 18, 1906, to the damage of petitioner and also to the citizens of the city of *Phillips,* especially to the property owners of block 4. The petitioner prays that such proceedings may be had in due form; that peremptory writ of *mandamus* may issue requiring the street committee of the common council to proceed to give effect to the determination of the common council of June 18, 1906, in reference to extending and constructing a sewer south on Lake street to Maple street in said city, and for such other order as may be proper. Upon this petition an alternative writ of *mandamus* was issued requiring the defendants to give effect to the determination of the common council of June 18, 1906, in reference to the extension of a sewer on Lake street south to Maple street, or show cause to the contrary.

The mayor, common council, and street committee made return to the writ as follows:

"That on the 2d day of August, 1904, an attempt was made by the then city council of the city of *Phillips* to install a system of sewerage therein, and when an ordinance as follows appears to have been adopted, to wit:

" 'The common council of the city of *Phillips* do ordain as follows: That all the territory within the limits of the said city shall hereafter constitute one sewerage district. This ordinance shall take effect and be in force from and after its passage and publication. Dated this 2d day of August, A. D. 1904. Approved by C. C. Kelleher, Mayor. Countersigned by Geo. E. Sackett, City Clerk.'

"That no other or further steps were taken in the premises. That no provision has ever been made by said city for the payment for the construction of sewers in said city, whether to be paid by the city, the sewerage district, or abutting property owners. That no plan has ever been prepared by said city, or its board of public works, or street committee, showing the lots and parcels of land, the main sewers, minor

sewers, manholes, catch-basins, and all other matters pertaining to the system, and as provided for and required by sec. 925—209 of subch. XX of ch. 40a of Wisconsin Statutes of 1898, and that no notice has ever been given of the completion of any such plan as required by sec. 925—210 of said chapter, and no such plan has ever been adopted by said city. That so far as records of said city show and so far as we are advised and know, except as hereinafter particularly set forth, the foregoing record comprises all that has been done by said city, its council, or street committee in installing or establishing a sewerage system therein. That in the month of June, 1905, as we are informed and believe, the city council, in conjunction with the board of education of said city, caused a certain plan and profile to be made of a sewer to extend from the school building in block 14, in said city, to a point on Lake street to connect with a certain sewer therein laid. That on the 1st day of August, 1905, the said city council passed the following ordinance, to wit:

## " 'Ordinance.

"The common council of the city of *Phillips* do ordain as follows: That the plan for the proposed extension of the sewerage system of the said city as shown by the certain plat of a sewer to be constructed from the southeasterly basement wall of the high school building diagonally to the intersection of the said line with the center line of Chestnut street and from thence along the said center line of Chestnut street to the center line of Lake street, all in the said city, and by the profile map of the same hereto attached and submitted to the said council at its regular meeting held on the day of the date hereof, together with a report of the street committee of the said city, in relation thereto, is hereby approved, adopted, and established, and the city clerk of the city is hereby directed to file such plat and profiles as provided by law. This ordinance should take effect and be in force from and after its passage and publication. Dated this 1st day of August, A. D. 1905. Approved by C. C. Kelleher, Mayor. Countersigned by Geo. E. Sackett, City Clerk.'

"That said plan of sewer was never submitted to the owners of or those interested in the real estate in said city and af-

fected by said plan by which proper objections could be made or filed and as required by sec. 925—210, aforesaid. That no provision was made for the payment of said sewerage, excepting only as appears by the certificate of the then common council of said city appended to the contract made between the said city and one J. F. Dickman that there were sufficient funds 'in the treasury of the city to meet all such expenses as the city may incur for the materials and work therein provided for,' but that, as the fact is, the said board of education paid $1,000 of the contract price of said sewer, the city of *Phillips* paying only the balance thereof, to wit, the sum of $1,253.95. That the notice for bids for the construction for said sewer was given jointly by street committee and board of education of said city of *Phillips*.

"We further beg leave to show that no plan for any sewerage district has ever been finally determined and no completed diagram of the same has ever been prepared in duplicate or otherwise, certified to be correct by the board of public works or street committee, and filed as required by sec. 925—212 of said subch. XX, as aforesaid. We further represent and allege that in the acceptance so called of the petition of the relator herein the council were not advised in the premises, and that the whole matter was referred to the city attorney for his advice as to the exact status of the city with reference to sewerage, and especially as to who should be legally chargeable with the cost of sewer prayed for in said petition. That before any report was made by said city attorney this proceeding was instituted. We further represent and show that no tax has been raised and no funds are now in the treasury of said city for the construction of sewers therein nor any moneys set aside and appropriated for such purposes. That by reason of the premises, and as we have been advised, we have no power to proceed in the immediate preparation of plans for or the construction of any sewer in said city at this time. All of which is respectfully submitted. Wherefore we respectfully pray the judgment of the court that the petition be dismissed and the rule to show cause why a peremptory writ should not issue be discharged, and for such other rule, order, or relief as may be proper in the premises, and for costs."

The petitioner demurred to the return for want of facts sufficient to constitute a defense and that the return does not show any cause or excuse for not obeying the writ. The court sustained the demurrer, with permission to amend the return on payment of $10 costs. From the order sustaining the demurrer this appeal was taken.

The cause was submitted for the appellants on the brief of *Barry & Barry,* and for the respondent on that of *Schweppe & Urquhart.*

Kerwin, J. Giving the record before us the most favorable construction it will bear upon the facts admitted by the demurrer to the return to the writ of *mandamus,* it shows simply an attempt by the petitioner to compel the common council to proceed with the performance of its *quasi*-judicial or legislative duties respecting the construction of a sewer. This is plain from the alternative writ and return thereto. The question, therefore, is whether *mandamus* will be awarded for such purpose. The duty of providing for and constructing sewers by a municipality is a *quasi*-judicial or legislative power involving judgment and discretion. *Hart v. Neillsville,* 125 Wis. 546, 104 N. W. 699; 2 Dillon, Mun. Corp. (4th ed.) § 1046. Such *quasi*-judicial or legislative duty will not be controlled by *mandamus. State ex rel. Rudolph v. Hutchinson, ante,* p. 283, 114 N. W. 453; Wood, Mandamus, 9; Spelling, Inj. & Extr. Rem. (2d ed.) § 1433. The expediency of entering upon public improvements is left almost entirely to the judgment of the local authorities. 2 Dillon, Mun. Corp. (4th ed.) § 1046; *State ex rel. Lord v. Washington Co.* 2 Pin. 552; *State ex rel. O'Donnell v. Benzenberg,* 108 Wis. 435, 84 N. W. 858. In *State ex rel. Comstock v. Joint School Dist.* 65 Wis. 631, 638, 27 N. W. 829, it is said: "The books abound with cases which assert and enforce the rule that *mandamus* will not lie to control the exercise of discretion or official judgment"—citing High, Extr. Rem. §§ 24, 42, and cases cited; *State ex rel. Lord v.*

*Washington Co.* 2 Pin. 552; *State ex rel. Gill v. Watertown,* 9 Wis. 254; *State ex rel. Byrne v. Harvey,* 11 Wis. 33; *State ex rel. Martin v. Doyle,* 38 Wis. 92.

We think it clear that no case was made for the issuance of a writ of *mandamus,* and therefore the demurrer to the return should have been overruled.

*By the Court.*—The order appealed from is reversed, and the action remanded with instructions to overrule the demurrer to the return and dismiss the writ.