5] AUGUST TERM, 1909. 301

State ex rel. Wagner v. Dahl, 140 Wis. 301.

STATE EX REL. WAGNER, Appellant, vs. DAHL, State Treasurer, Respondent.

*September 17—October 5, 1909.*

*Officers: Vested rights: Power of removal: Review by courts: Civil service law construed: Presumption as to obedience to laws: Mandamus: Exercise of discretion: Costs.*

1. Where no definite term of office is fixed by law, the power to remove an incumbent is incident to the power to appoint, in the absence of some constitutional or statutory provision to the contrary.
2. An office is not regarded as property, nor is the right to hold office a vested one.
3. The power of amotion from office is not a judicial but an administrative power, though it be exercised in a judicial manner.
4. Sec. 22, ch. 363, Laws of 1905, provides that certain employees in the civil service of the state shall not be removed or discharged except for just cause, vests the power of removal for such cause in the appointing officer, and makes no provision for any review of his action by any other body or tribunal. *Held,* that where an appointing officer in removing an employee acted within his jurisdiction, *i. e.* when the cause assigned is a "just cause"

within the meaning of the statute, and there is nothing to show that he acted arbitrarily or in bad faith, the courts will not review his decision as to the fact of the existence of such cause.

5. The presumption is that public officers will obey the laws and not wantonly or criminally violate them.

6. *Mandamus* will not lie to control or review the exercise of the discretion of any court, body, or officer when the act performed is judicial or *quasi*-judicial; although it may be invoked to compel the exercise of such discretion.

7. Witness fees paid to jurors for attendance upon the hearing of a motion for a new trial, which was based in part on alleged misconduct of one of the jurors, are *held* to have been properly allowed in the taxation of costs.

APPEAL from a judgment of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge. *Affirmed.*

The relator was employed as bookkeeper in the office of the state treasurer and was discharged from his employment by that officer. Incompetency and insubordination were the causes assigned for his removal. Relator procured an alternative writ of *mandamus* ordering the defendant to reinstate him in his employment or show cause why he should not be reinstated. Such writ was granted on a petition in which the relator set forth, among other things, that he was neither incompetent nor insubordinate. The defendant, by his return to the writ, justified his action on the grounds stated. The issues made up by the petition for the writ and the return and the answer thereto were submitted to a jury for determination. The jury found that the relator was incompetent and that he did not perform all the lawful directions given him by his superiors in the office of the state treasurer. Judgment was entered on such verdict in favor of the defendant. To review alleged errors in the trial of the action the relator brings this appeal.

For the appellant there was a brief by *Miner & Elver,* and oral argument by *E. T. Elver.*

For the respondent there was a brief by *Jones & Schubring,* and oral argument by *B. W. Jones.*

BARNES, J. It is a well-nigh universal rule that where no definite term of office is fixed by law the power to remove an incumbent is an incident to the power to appoint, in the absence of some constitutional or statutory provision to the contrary. *Ex parte Hennen,* 13 Pet. 230; *Parsons v. U. S.* 167 U. S. 324, 17 Sup. Ct. 880; and collection of cases in 37 Cent. Dig., title "Officers," § 9, and in 29 Cyc., same title, 1371, note 72. Our law does not regard an office as a property right. Neither is the right to hold office a vested one. *State ex rel. Starkweather v. Superior,* 90 Wis. 612, 619, 64 N. W. 304; *State ex rel. Cook v. Houser,* 122 Wis. 534, 603, 100 N. W. 964. The power of amotion from office is not a judicial power, but is an administrative one, though it be exercised in a judicial manner. *State ex rel. Starkweather v. Superior, supra; State ex rel. Cook v. Houser, supra; Nehrling v. State ex rel. Thal,* 112 Wis. 637, 645, 88 N. W. 610.

It is clear that the limitations on the power of removal by the treasurer, if they exist, must be found in some statute or statutes of the state, and the only one which it is claimed affects the question is sec. 22, ch. 363, Laws of 1905, which reads as follows:

"No subordinate or employee in the competitive class, noncompetitive class, or the labor class of the civil service of the state, who shall have been appointed under the provisions of this act, or the rules made pursuant thereto, shall be removed, suspended for more than fifteen days, discharged or reduced in pay or position, except for just cause, which shall not be religious or political. In all cases of removal the appointing officer shall, at the time of such action, furnish to the subordinate his reasons for the same and allow him a reasonable time in which to make an explanation. The reasons for removal and the answer thereto shall be filed in writing with the commission."

It will be observed that the treasurer, under the provisions of the law quoted, might not remove a subordinate except for just cause and that such cause should not be religious or

political. The statute makes no provision for any review, by any other body or tribunal, of the action of an appointing officer in removing a subordinate. The important question in the case, therefore, is the determination of how far and to what extent the courts have authority or jurisdiction to review the act complained of by the relator.

In *State ex rel. Gill v. Watertown*, 9 Wis. 254, the statute under consideration authorized the common council of the city to remove certain officers for "due cause." No provision was made for an appeal from or review of the decision of the common council. It was held that what constituted due cause was a question of law to be determined by the courts, but that the discretion vested in and exercised by such a body or tribunal would not be controlled by *mandamus*. In other words, it was held that the courts would decide whether the cause assigned for removal was "due cause" within the meaning of the law, but would not determine whether the council was right or wrong in its conclusions upon the facts that the cause assigned for removal in fact existed.

*State ex rel. Kennedy v. McGarry*, 21 Wis. 496, involved the removal of an inspector of the house of correction by the board of supervisors of Milwaukee county. The statute authorized the removal for "incompetency, improper conduct, or other cause satisfactory to said board." The resolution removing the inspector recited that he was removed for "incompetency, improper conduct, and disobedience of the orders of the board." No provision was made in the law for a review of the decision of the county board. It was held (1) that the power of the board to discharge was absolute and its determination was final when acting within the scope of its power; (2) that if the board should attempt to discharge for a cause not recognized by law and not affecting the competency or the fitness of the employee, such action would be an excess of power and not a removal under the statute, and would be equivalent to a removal without cause—

a mere arbitrary removal not warranted by statute; (3) that when a cause recognized by statute is assigned, the power to determine whether it exists or not is vested exclusively in the board, and its decision on the facts cannot be reviewed by the courts; (4) that the only question for judicial cognizance was whether the cause assigned for removal was one for which removal might be made under the statute.

*State ex rel. Willis v. Prince,* 45 Wis. 610, involved the removal of the county clerk of Ashland county under a statute (sec. 6, ch. 14, R. S. 1858) which authorized the county board to remove such an officer "when, in their opinion, he is incompetent to execute properly the duties of his office, or when, on charges and evidence, it shall appear to said board that he has been guilty of official misconduct, or habitual or wilful neglect of duty, if, in the opinion of said board, such misconduct or neglect shall be a sufficient cause for removal." The court said that the statute gave a wide discretion to boards of supervisors, which "will not be revised or controlled except in most clear and conclusive cases of abuse." The proceeding was one of *quo warranto,* and the court further held that the only questions it would consider were: "Had the board of supervisors jurisdiction, and did they make the proper order and a final adjudication in the case; and were the records produced sufficient evidence of both?" This case is an extreme one in view of the provisions of ch. 163, Laws of 1869, which gave the county clerk a right to appeal from the order removing him, and which seemed to contemplate that he should have a trial *de novo* in court.

In *State ex rel. Cook v. Houser,* 122 Wis. 534, 100 N. W. 964, the construction of sec. 35, Stats. (1898), was involved. In the event of two conventions of the same party being held, the secretary of state was required to give preference in designation on the official ballot to the nominees certified by the state central committee. The statute did not provide for any review of the action of such committee in making its certi-

fication. The right of the court to review the decision of the committee was combated, and it was held that where a new right is created by statute and the statute provides a method by special tribunal for the enforcement or protection of such right, and makes no provision for a review of the decision of such tribunal, the remedy given is exclusive, provided the tribunal acts within its jurisdiction. Op. Justice MARSH-ALL, page 570 of 122 Wis. (100 N. W. 975), and of the present chief justice, page 595 of 122 Wis. (100 N. W. 984). Such is the law elsewhere generally. *Miller v. Clark,* 62 Kan. 278, 62 Pac. 664; *Chapman v. Miller,* 52 Ohio St.. 166, 39 N. E. 24; *People ex rel. Ward v. Roosevelt,* 151 N. Y. 369, 45 N. E. 840; *People ex rel. Lowry v. District Court,* 32 Colo. 15, 74 Pac. 896; *State ex rel. Brewer v. Abbay,* 82 Miss. 559, 35 South. 153; *State ex rel. Yates v. Crittenden,* 164 Mo. 237, 64 S. W. 162.

We have in this case a right created by statute by which certain state employees may not be discharged except for just cause, and the power of removal for such cause is vested in the appointing officer, with no provision in the law for reviewing his decision, so that the situation is similar to that before the court in *State ex rel. Cook v. Houser, supra.*

The instances are numerous where public officers, public boards, and nonjudicial bodies are required, in the performance of their duties, to pass upon and decide questions of fact. Various state officers, boards of review, commissioners in laying out highways, the board of dental examiners, the board of control, the board of regents, and numerous other kindred bodies that might be mentioned fall within the category. In the absence of a statute giving the right to review on the merits, errors in judgment committed by such persons or bodies will not be reviewed by the courts. The ultimate decision on questions of fact must rest somewhere, and, when the question presented is one pertaining to legislative rights and privileges, the decision of the special tribunal appointed to decide

the question is final, if it acts within its jurisdiction and not arbitrarily, and no review is provided for.  *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 88 N. W. 587; *State ex rel. Vilas v. Wharton,* 117 Wis. 558, 94 N. W. 359; *State ex rel. Augusta v. Losby,* 115 Wis. 57, 90 N. W. 188; *State ex rel. Heller v. Lawler,* 103 Wis. 460, 79 N. W. 777; *State ex rel. N. C. Foster L. Co. v. Williams,* 123 Wis. 61, 100 N. W. 1048.   Moreover, the cases hold that *mandamus* will not lie to control or review the exercise of the discretion of any court, body, or officer when the act performed is judicial or *quasi*-judicial.   While *mandamus* may be invoked to compel the exercise of the discretion vested, it cannot compel such discretion to be exercised in any particular way.   *State ex rel. Gericke v. Ahnapee,* 99 Wis. 322, 326, 74 N. W. 783; *State ex rel. Fourth Nat. Bank v. Johnson,* 103 Wis. 591, 622, 79 N. W. 1081; *State ex rel. Court of Honor v. Giljohann,* 111 Wis. 377, 386, 87 N. W. 245; *State ex rel. Coffey v. Chittenden,* 112 Wis. 569, 574, 88 N. W. 587; *State ex rel. Ginn v. Wilson,* 121 Wis. 523, 526, 99 N. W. 336; *State ex rel. Rudolph v. Hutchinson,* 134 Wis. 283, 287, 114 N. W. 453; *State ex rel. Vanderwall v. Mayor, etc.* 134 Wis. 437, 442, 114 N. W. 802; *State ex rel. Davern v. Rose, post,* p. 360, 122 N. W. 751.

We can see nothing in the civil service law that would warrant giving it any other or different construction from that almost uniformly given to other acts involving situations similar to the one presently under consideration.   The purpose of the legislature in passing the act was apparent.   We do not perceive how the conclusion reached will operate to defeat or impair that purpose.   It is not to be presumed that officers to whom the people of the state have intrusted important public functions will violate their oaths of office and become perjurers because they may want to remove one employee to make place for another.   In case of removal the right of selection is ordinarily limited to choosing a successor from one

of three names certified by the civil service commission. The presumption is that public officers will obey the laws and not wantonly and criminally violate them, and the legislature may well have had in mind the advisability of placing the absolute power of discharge for just cause in the heads of departments, so that a high degree of efficiency and discipline might be maintained and the public business might be transacted with accuracy and with reasonable promptness. The causes for removal assigned by the state treasurer in the present case were just causes for removal within the meaning of sec. 22, ch. 363, Laws of 1905. The treasurer acted within his jurisdiction in making the removal for the cause specified, and there is nothing to show that he acted arbitrarily, or otherwise than in perfect good faith, in making it. Whether he was right or wrong in reaching the conclusion which he did on the facts is not a question for the courts to decide. The decision of that question has, wisely we think, been left with the treasurer and not with the courts. Indeed, the question discussed has been so frequently decided that a mere citation of the authorities should suffice.

It follows that the motion of the defendant to take the case from the jury and dismiss the action should have been granted. This view of the case renders the errors complained of on the trial immaterial with one exception. Objection was made to the allowance of witness fees paid two jurors, amounting to $6.60, for attendance upon the hearing of the motion for a new trial, which was in part based on alleged misconduct of one of the jurors. We think the items were properly taxed and that the judgment appealed from is correct.

*By the Court.*—Judgment affirmed.

TIMLIN, J., took no part.