STATE EX REL. CLEVELAND, Appellant, vs. COMMON COUN-
    CIL OF THE CITY OF WEST ALLIS and another, Re-
    spondents.

*May 12—June 6, 1922.*

*Municipal corporations: Police judges: Removal: Nature of pro-
    ceedings: Verified charge: Presumption from notary's certif-
    icate: Impeachment of party's witness: Common council:
    Three-fourths majority.*

1. Under sec. 4080, Stats., relative to the administration of oaths
    by notaries public, a verification of a charge by a taxpayer
    against a municipal officer before a notary public created
    a presumption of regularity which could not be overcome
    by uncertain, unreliable, and conflicting testimony.
2. The rule that a party cannot impeach his own witness does
    not preclude him from showing that the testimony of any
    witness is incorrect or false in a matter material to the issue.
3. Under sub. (1) (d), sec. 17.12, Stats., authorizing the removal
    of city officers by the common council by an affirmative vote
    of three fourths of all the members, where six of the eight
    members participated in the entire proceedings and voted for
    removal the statute was complied with, though one member
    withdrew after the filing of an affidavit of prejudice and
    another member was absent during part of the proceeding.
4. Under sub. (8) (b), (11) (b), and (12) (a), sec. 62.09, Stats.,
    a proceeding before the common council to remove a police
    judge was not invalidated because the mayor, city clerk,
    and city attorney participated in an advisory capacity.
5. Aldermen acting on the question of removing a police judge
    are not acting as judges but in their capacity as aldermen;
    and while the police judge has a right to insist on a fair
    hearing, he cannot require the same precision and formality
    which are required in criminal trials at law.

APPEAL from a judgment of the circuit court for Milwau-
kee county: GUSTAVE G. GEHRZ, Circuit Judge. *Affirmed.*

The appeal is from the judgment of the circuit court
affirming the action of the common council of the city of
*West Allis* in removing the relator from the office of police
judge of said city and declaring the office vacant.

The proceedings of the common council were reviewed
by the circuit court upon a writ of *certiorari*.

State ex rel. Cleveland v. Common Council, 177 Wis. 537.

For the appellant the cause was submitted on the brief of Brennan & Lucas of Milwaukee.

For the respondents there was a brief by Joseph E. Tierney of West Allis, attorney, and F. J. Jennings of Milwaukee, of counsel, and oral argument by Mr. Tierney.

DOERFLER, J.    The relator in his brief did not attack the action of the common council or the judgment of the circuit court upon the merits, and on that branch of the case we quote with approval the portion of the opinion of the learned circuit-judge:

"Not only do I feel constrained, upon the record before me, to hold that this court is bound by the ultimate conclusion so reached upon sufficient evidence by the common council (State ex rel. Willis v. Prince, 45 Wis. 610; State ex rel. Wagner v. Dahl, 140 Wis. 301, 304–308, 122 N. W. 748), but to observe, in conclusion, that the misconduct proven, committed by a judicial officer vested by law with important and far-reaching powers (secs. 925—65, 925—66, Stats.) is of sufficient gravity to deserve judicial disapproval."

The relator contends in his first assignment of error that the court lacked jurisdiction on the ground that the charges filed were not verified, as required by sub. (3), sec. 17.16, Stats., which subsection in express language requires, among other things, that removals from office may be made only upon written verified charges preferred by a taxpayer, etc.

The record discloses that the complaint filed was proper in form and sufficient in substance, was signed by the complainant, and was verified by him before a notary public. On cross-examination before the council complainant at first denied having sworn to the charges, but upon re-examination testified that he read both the complaint and the verification and that the complaint was sworn to, but that he did not raise his hand while being sworn. Both Mr. Tierney, the city attorney, and Mr. Utech, the notary pub-

lic, testified that the complainant swore to the complaint. From this evidence it would appear conclusively that the complaint was properly verified in accordance with the provisions of the statute. The oath required may, under the provisions of sec. 4080, Stats., be administered by a notary public, and, when certified by him to have been taken before him, may be read and used in any court of record or not of record, and before any officer—judicial, executive, or administrative. Such verification, therefore, appearing affirmatively, creates a presumption of regularity which cannot be overcome by the uncertain, unreliable, and conflicting testimony of the complainant.

But counsel for relator contends that the testimony of the city attorney and of the notary could not legally have been received for the reason that it tends to impeach the testimony of the complainant. This contention is fully answered in *Halwas v. American G. Co.* 141 Wis. 127, 123 N. W. 789, where the rule as laid down in the syllabus is as follows:

"The rule that a party cannot impeach his own witness does not preclude him from showing that the testimony of any witness is incorrect or false in a matter material to the issue."

Independent, however, of any corroborating testimony, in view of the presumption above referred to and of the regularity of the complaint and verification and the unreliable testimony of the complainant, we are inclined to the opinion that the statutory requisite as to verification was sufficiently complied with.

In the second, third, and fourth assignments of error the relator contends that the proceedings were illegal because the relator was removed by a vote of seven out of the eight members of the common council, one of whom was present only during part of the hearing; because the mayor and city clerk participated in the hearing and in the deliberations of the council; and because the city attorney, mayor, and

State ex rel. Cleveland v. Common Council, 177 Wis. 537.

council acted as prosecuting attorney, judge, and jury, which resulted in the denial to the relator of a fair and impartial hearing.

Sub. (1) (d), sec. 17.12, Stats., applicable to removal of officers, among other things provides that "Removals by the common council may be made only by an affirmative vote of three fourths of all the members thereof," etc. The total council consisted of eight members. An affidavit of prejudice was filed against one of the members of the council who participated in the proceedings but who withdrew when the vote was taken on the question of removal. Another member of the council was absent during part of the proceedings, but fully informed himself of the proceedings prior to his voting upon the question of removal. It thus appears affirmatively that six members of the council who had participated in the entire proceedings voted in favor of the removal. Such vote, therefore, is in compliance with the provisions of the statute, and constitutes a three-fourths majority. *Mills v. Gleason,* 11 Wis. 470; 2 McQuillin, Mun. Corp. 1304, 1305, and 1306.

The record in the case does not disclose that the mayor, city clerk, or city attorney participated in the proceedings otherwise than in an advisory capacity. Under the provisions of sub. (11) (b), sec. 62.09, Stats., it is the duty of the city clerk to be in attendance at the meetings of the council and to keep a record of its proceedings. Under sub. (8) (b), sec. 62.09, the mayor is authorized to be present at the meetings of the council and to participate in its deliberations. Under sub. (12) (a), sec. 62.09, the city attorney is charged with the duty of acting as a legal adviser to the city and to the council in all matters in which the city is interested.

There is nothing in the record to disclose that either of these officers was guilty of any act of impropriety by virtue of which it could be deemed that the relator was prejudiced. On the contrary, being interested as officials in the affairs

of the city, and each being in duty bound under the statute to protect the interests of the city, the contention of the relator is wholly unfounded and without merit.

The aldermen acting on the question of removal are not acting as judges but in their capacity as aldermen.  As is said in *State ex rel. Starkweather v. Common Council,* 90 Wis. 612, 622, 64 N. W. 304:

"This was not a common-law trial, but an investigation. While the mayor had a right to insist that he have a fair hearing, and that the substance of the rules governing trials at law should be preserved, he cannot require that the same precision and formality be observed which are required in criminal trials at law.  These principles govern the charges made, as well as the procedure."

We therefore hold that the objections of relator's counsel heretofore treated were properly overruled, and the judgment of the circuit court must therefore be affirmed.

*By the Court.*—It is so ordered.