Marshall, C. J.,
concurring. I concur in the judgment pronounced by the majority of the court, *447 and also concur in nearly all the pronouncements of the per curiam opinion. There are some points of difference, however, which I feel I should briefly state.
The question which confronts us in this inquiry is whether this court has jurisdiction to issue a writ to compel the Governor to recall his action. The case turns upon the question whether the judicial power of this or any court reaches to the control of the chief officer of the executive branch of the state government in the matter of removal of officers from their offices. To be more specific, it must be determined whether the act of the Governor is administrative in character, and therefore entirely free and independent of judicial interference.
I am in hearty accord with the authority of State v. Hawkins, 44 Ohio St., 98, 5 N. E., 228. A careful comparison of that authority with the per curiam opinion in the instant case shows only one point of difference. In State v. Hawkins it was decided that, if charges involving official misconduct are preferred, of which the parties had due notice, and a hearing is had, and the Governor acts upon the charges and removes respondents for reasons stated in the charges, there is no further subject for judicial inquiry. In the instant case the per curiam opinion intimates that this court may further inquire as to whether there is any evidence tending to support the charges. I am of the opinion that this latter doctrine is violative of well-settled governmental principles relating to the independence of the separate branches of the government. It must be admitted that no method has been provided for bringing the evidence adduced before the Gover *448 nor to the attention of this conrt by means of a bill of exceptions, or otherwise, and for this reason, if for no other, this court is powerless to examine the transcript of the evidence, even should there be no dispute as .to its accuracy.
The views of this court stated in State v. Hawkins, supra, are in perfect harmony with a long line of decisions, some of the clearest of which are as follows: Donahue v. Will County, 100 Ill., 94; State v. McGarry, 21 Wis., 496; State v. Dahl, 140 Wis., 301, 122 N. W., 748; Owens v. Bond, 83 Fla., 495, 91 South., 686; Matter of Guden, 171 N. Y., 529, 64 N. E., 451; State, ex rel. Caldwell, v. Wilson, 121 N. C., 480, 28 S. E., 554; Patton v. Vaughan, 39 Ark., 211; State v. Hay, 45 Neb., 321, 63 N. W., 821; People v. Stout, 19 How. Prac. (N. Y.), 171; Riley v. Crawford, 181 Iowa, 1219, 165 N. W., 345; State v. Henry, 60 Fla., 246, 53 South., 742; Boyd v. Pendegast (Cal. App.), 207 Pac., 713; Dakota v. Cox, 6 Dak., 501.
I concur in the per curiam opinion that the action of the Governor was within the power conferred upon him by the statutes, and that his action is final, but I do not indorse the comments of the majority opinion upon the manner of the performance of the duty imposed upon him, or those which in any manner characterize his action.