STATE EX REL. NELSON, Respondent, vs. HENRY, State Treasurer, Appellant.

*March 3—March 31, 1936.*

For the appellant there was a brief by the *Attorney General, Herbert A. Naujoks,* assistant attorney general, and *H. H. Thomas* of Madison, special counsel, and oral argument by *Mr. Thomas.*

For the respondent there was a brief by *Hale & Burke* of La Crosse, and oral argument by *Quincy H. Hale*.

A brief was also filed by *Olin & Butler,* attorneys, and *C. J. Mathys* of counsel, all of Madison, as *amici curiæ*.

ROSENBERRY, C. J. The defendant has complied with so much of the judgment as required him to restore the name of the petitioner on the pay roll of the state of Wisconsin from the date of the first discharge October 31, 1933, to the time of the second discharge. Petitioner has been paid his salary down to the time of his second discharge, December 1, 1934, so that that matter drops out of the case. The only thing that is before the court is whether or not the discharge of November 30, 1934, was valid or invalid.

This case was once before in this court and was reported in (1934) 216 Wis. 80, 256 N. W. 714. The case came up on a motion to quash the petition and an order quashing the petition was reversed and the cause remanded. Thereupon the petition was amended so as to set up two causes of action, one relating to the discharge of October 31, 1933, and the other relating to the discharge of the relator on November 30, 1934. Return was made to the amended petition and upon the issue thus made there was a trial.

The facts in relation to the second discharge are as follows: Under date of November 26, 1934, the defendant notified the petitioner that pursuant to sec. 16.24, Stats., he was discharged. The grounds assigned were briefly: (1) Insubordination; (2) failure and neglect of duty; (3) refusal to obey instructions; (4) negligence in the performance of duties; (5) carelessness and negligence in obtaining information; (6) failure to co-operate. The petitioner was given an opportunity as required by statute to explain, the director of the bureau of personnel was notified, and the requirements of the statute were in all respects complied with. Although the court in its formal findings of fact found that the discharge was "in bad faith, without due cause there-

for," this finding must be considered as something in the nature of a legal conclusion for the reason that during the course of the trial the following proceedings were had: After the relator had presented his evidence in support of the petition and when the defendant was introducing proof in support of his contention that the petitioner was discharged for just cause, the court made the following statement:

"The court might say at this time for the benefit of you gentlemen, and also the jury, and it might shorten the matter somewhat, that the only issue that will be submitted to the jury here is as to whether this man was discharged unarbitrarily and not in good faith; that will be the only issue; and in connection with that the court will say to the jury, in effect, that there was sufficient reason demonstrated by the evidence and the record herein to enable the state treasurer to have discharged this man, for good cause, sufficient in law, providing he did so unarbitrarily and in good faith. Now that is the law."

In its instructions to the jury the court charged the jury as follows:

"And in your consideration of the answer to this question you are to assume that sufficient reason has been given and proven to make the removal and discharge of Nelson valid and conclusive,—if not made arbitrarily and in bad faith for reasons other than those or any of them set forth by the state treasurer in his notice of discharge given to Nelson."

This charge to the jury was given pursuant to a statement made during the course of the trial to the effect that it would so charge the jury. The statements of the court made during the course of the trial and in its instructions to the jury were made advisedly. A careful review of the evidence offered leads to the conclusion that it was the duty of the court, which the court in effect performed, to direct the jury that the existence of a just cause was established by the evidence so that no question in relation thereto for the jury ex-

isted under the evidence. No useful purpose would be served by setting out the evidence in detail. It is held that upon the record it appears that at all times there existed in fact a just cause for the discharge of the petitioner as of November 30, 1934. While most of the evidence in the case was directed to proof of the fact that the discharge of the petitioner was made for political reasons, the court submitted no question to the jury upon that phase of the case. The trial court was, however, of the view that under the doctrine announced in *State ex rel. Wagner v. Dahl* (1909), 140 Wis. 301, 122 N. W. 748, although a just and adequate cause for dismissal existed, the court could try the question of the defendant's motive in making the discharge even though such just and adequate cause existed. In that case the relator was discharged for incompetency and insubordination. Upon the trial the jury found that the relator was incompetent and that he did not obey the directions of his superiors. In the course of the opinion the court said:

"The causes for removal assigned by the state treasurer in the present case were just causes for removal within the meaning of sec. 22, ch. 363, Laws of 1905. The treasurer acted within his jurisdiction in making the removal for the cause specified, and there is nothing to show that he acted arbitrarily, or otherwise than in perfect good faith, in making it. Whether he was right or wrong in reaching the conclusion which he did on the facts is not a question for the courts to decide. The decision of that question has, wisely we think, been left with the treasurer and not with the courts. Indeed, the question discussed has been so frequently decided that a mere citation of the authorities should suffice."

It was held that a verdict in that case should have been directed for the defendant and the case not submitted to the jury. It is considered that the holding of the court in the *Wagner Case, supra,* is not authority for the position taken by the trial court in the present case. On the contrary, a

fair interpretation of that language is that when a just cause for discharge exists, the responsibility for the discharge rests wholly with the officer authorized to exercise the power.

It is manifest that when a just cause for removal in fact exists there remains no room for so-called arbitrary action. What the court held in the *Wagner Case, supra,* was that if in reaching his determination the discharging officer did not act arbitrarily or in bad faith, then his determination should be upheld although he reached an erroneous conclusion. That case goes much farther than it is necessary to go to sustain the act of the respondent in this case in discharging Nelson, the relator. Here the court found as a matter of law that just cause existed and there was no question for the jury upon that phase of the case. In the briefs of counsel and upon oral argument here in support of the judgment, it was urged that even if adequate and just cause exists not based on religious or political grounds, there still may be a discharge for religious or political reasons, and that if the statute be not so construed the civil service law is emasculated. We find ourselves unable to agree with that contention. The civil service law has in view not only security of tenure but efficiency of service as well. If an officer in a case where a just and sufficient cause for discharge exists can have his secret motives inquired into by a court, he is practically without means of maintaining either discipline or efficiency in his department. On the other hand, the courts will always be open to the discharged employee to inquire whether or not a just cause in fact existed. Just cause cannot be founded upon a political or religious reason, it must be based upon other considerations. The court in this case having found as a matter of fact that just cause did exist, it should have closed the judicial inquiry and dismissed the petition so far as it asked for a reinstatement based on the discharge of November 30, 1934. Courts do not sit to control the judgment and discretion of executive and administrative officials. Their sole function is to determine

whether or not such officials keep within their jurisdiction and act in accordance with established principles of law. When they keep within their jurisdiction and act in accordance with the law, the secret motives of administrative officials are no more open to inquiry than are the motives of a court when it makes findings of fact and renders a judgment in a particular case. What is reviewed by the courts is not the secret motives of an official either executive, administrative, or judicial, but the law under which he acted and the evidence upon which he acted. This is not to say that administrative officials in all respects have the same immunity that a judicial officer has. The powers of an administrative officer are much more dependent upon statutory authority than are the powers of a judicial officer acting according to the course of the common law. The action of administrative officials in cases like the one under consideration is said to be *quasi*-judicial. When as in this case the jurisdictional facts are established as a matter of law, no tribunal exists for the review of the officer's discretion unless such tribunal is created by statute. The inquiry of the court is limited to ascertaining whether or not the jurisdictional facts exist because if they do not exist the officer had no jurisdiction to act. *Ekern v. McGovern* (1913), 154 Wis. 157, 273, 274, 142 N. W. 595.

We shall consider briefly one other question raised in the case. The trial court excluded evidence relating to the official record of the petitioner prior to January 1, 1933, when the defendant took office. It is considered that in so ruling the trial court was in error. What the officer reviews is not what happened during his term, but the record of the person which is being examined to determine whether or not just cause for his discharge exists. The idea that a subordinate official guilty of a serious crime committed just prior to the time the officer in charge of his department took his office could escape because the officer could not for that reason consider it is certainly unsound. The matter is not per-

sonal to the officer who exercises the power to discharge. The power pertains to the office, not to the person. The whole record of the incumbent therefore is subject to review. What limitations if any there are upon this right to review need not be considered here. They are no doubt subject to reasonable limitations.

*By the Court.*—That part of the judgment which adjudges that the discharge of the petitioner on November 30, 1934, was illegal, arbitrary, and not done in good faith and without due cause therefor and that the petitioner should be reinstated as therein provided, is reversed, and the cause remanded with directions to enter judgment dismissing the petition so far as the same relates to the discharge of the petitioner on November 30, 1934.