16 So.2d 195

**THREET v. STATE.**

8 Div. 248.

Court of Appeals of Alabama.
March 16, 1943.

Rehearing Denied April 6, 1943.

Jos. A. Padway, of Washington D. C., and Merwin T. Koonce and A. A. Williams, both of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

SIMPSON, Judge.

This is a companion case of Lash v. state,[1] 14 So.2d 235, this day decided by this court. The controlling principles of the applicable law are identical in the two appeals.

Appellant's able counsel, in their reply briefs, succinctly point out the two propositions for decision, as follows: "According

[1] Ante, p. 121.

to our view of the case there are only two questions involved in this appeal. First, as to (sic) the sufficiency of the affidavit to state a cause of action (because it is not specifically averred that the named defendants "unlawfully" conspired to do the acts stated) and, second, the validity (vel non) of the statute, Title 14, Section 54 of the Code of 1940 of Alabama." (Our interpolation.)

Upon consideration of the Lash case, supra, we entertained the view that there was probable merit in these two contentions, and hence, pursuant to legal mandate (Code 1940, Title 13, Sec. 87), the question of the validity, vel non, of said statute was certified, in the Lash case, to the Supreme Court for decision. 14 So.2d 229.[2] See Lash, supra, for report of our certification and the reply opinion of the Supreme Court.

 The Supreme Court resolved both issues against the appellant's contention. As to the first, in holding it unnecessary to specifically aver the proscribed acts to have been unlawfully done, it was observed by that court:

"Several questions have been considered by the state and federal courts, to the effect that the phrase, 'without a just cause or legal excuse for so doing,' as employed by the statute before us and as employed in the affidavit in the case of Lash v. State, 14 So.2d 235,[1] in the Court of Appeals, is not without meaning legally, inherently and historically and means an unlawful act or purpose or without legal excuse. Moreland Theatres Corp. v. Portland Moving Picture Machine Operators' Protective Union, etc., and Granada Theatre Corp. v. Portland Moving Picture Machine Operators' Protective Union, 140 Or. 35, 12 P.2d 333; Schwind v. Gibson et al., 220 Iowa 377, 260 N.W. 853; Swan v. Dailey-Luce Auto Co. et al., 221 Iowa 842, 265 N.W. 143, 148; State v. Caldwell, Mo.Sup., 231 S.W. 613; State ex rel. Nelson v. Henry, 221 Wis. 127, 266 N.W. 227; In re Municipal Garage in and for City of Utica, 141 Misc. 15, 252 N.Y.S. 18; People v. Wallach, 62 Cal.App. 385, 217 P. 81; State v. Wholfort, 123 Kan. 62, 254 P. 317; State v. Williams, 166 S.C. 63, 164 S.E. 415; Gentry v. Gentry, 161 Va. 786, 172 S.E. 157; State v. Donzi, 133 La. 925, 63 So. 405; State v. Baker, 112 La. 801, 36 So. 703.

"To a right decision of the question before us, it will be noted that, this expression used in the complaint or affidavit in this cause and appearing in the statute means 'unlawfully.' Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 155 So. 371; and the authorities, supra."

 And as to the controlling—over-all—question of the validity, vel non, of said statute, it was stated by the Supreme Court: "We are of opinion and declare that the statute in question is not a violation of the provisions of the state or federal constitutions."

This holding of the Supreme Court is controlling and disposes of the two questions adversely to the appellant's contention. Thus, our order of affirmance of the judgment of conviction in the Lash case. Since the case at bar involves identical propositions, it results, upon authority of the said Lash case, that an order of affirmance of the judgment below must be entered here. So ordered.

Affirmed.

