14 So.2d 235

## LASH v. STATE.

### 8 Div. 252.

Court of Appeals of Alabama.

March 16, 1943.

Rehearing Denied April 6, 1943.

THOMAS, Justice.

The Court of Appeals, under provisions of Code 1940, T. 13, § 88, submits to this court the question of whether or not Section 54, Title 14, Code 1940, is in violation of the Constitutions of the State of Alabama or of the United States.

In submission to this Court, the Court of Appeals recites that it is of opinion that said section is subject to the same vice as section 3447 of the Code of 1923, held void by the Supreme Court of the United States in Thornhill v. State, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093.

The statute in question was incorporated in Michie's Code of 1928 as § 3447, and came from the Acts of 1921, p. 31, § 1. The section is now codified as Code 1940, T. 14, § 54, and was approved by this court in Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 155 So. 371 (as applying to illegal voting trusts). See, also, Royal Ins. Co., Ltd., v. All States Theatres, Inc., 242 Ala. 417, 6 So.2d 447. The criminal case of Welch v. State, 28 Ala.App. 273, 183 So. 879, adverted to §§ 3447 and 3448 of the Code of 1923. The many authorities are collected in Standard Chemical & Oil Co. v. City of Troy, 201 Ala. 89, 91, 77 So. 383, L.R.A.1918C, 522, and in State v. Goldstein, 207 Ala. 569, 93 So. 308, on police power.

What is the effect of the statute in question, tested by the provisions of the Constitutions of the United States and of this State, as interpreted by the Supreme Court of the United States, as challenged by demurrer?

Several questions have been considered by the state and federal courts, to the effect that the phrase, "without a just cause or legal excuse for so doing," as employed by the statute before us and as employed in the affidavit in the case of Lash v. State, 14 So.2d 229 [1] in the Court of Appeals, is not without meaning legally, inherently and historically and means an unlawful act or purpose or without legal excuse. Moreland Theatres Corp. v. Portland Moving Picture Machine Operators' Protective Union, etc., and Granada Theatre Corp. v. Portland Moving Picture Machine Operators Protective Union, 140 Or. 35, 12 P.2d 333; Schwind v. Gibson et al., 220 Iowa 377, 260 N.W. 853; Swan v. Dailey-Luce Auto Co. et al., 221 Iowa 842, 265 N.W. 143, 148; State v. Caldwell, Mo.Sup., 231 S.W. 613; State ex rel. Nelson v. Henry, 221 Wis. 127, 266 N.W. 227; In re Municipal Garage in and for City of Utica, 141 Misc. 15, 252 N.Y.S. 18; People v. Wallach, 62 Cal.App. 385, 217 P. 81; State v. Wholfort, 123 Kan. 62, 254 P. 317; State v. Williams, 166 S.C. 63, 164 S.E. 415; Gentry v. Gentry, 161 Va. 786, 172 S.E. 157; State v. Donzi, 133 La. 925, 63 So. 405; State v. Baker, 112 La. 801, 36 So. 703.

To a right decision of the question before us, it will be noted that, this expression used in the complaint or affidavit in this cause and appearing in the statute means "unlawfully." Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 155 So. 371; and the authorities supra.

In Greek-American Produce Co. v. Illinois Central R. Co., 4 Ala.App. 377, 58 So. 994, 995, Mr. Justice De Graffenried, for that court, on authority of United States v. Kirby, 7 Wall. 482, 19 L.Ed. 278, said: "'All laws should receive a sensible construction. *General terms* should be so limited in their application as not to lead to injustice, oppression, or an absurd consequence. It is always to be presumed that the Legislature intended exceptions to its language which would avoid results of this character. The reason of the law in such cases should prevail over its letter. The common sense of man approves the judgment mentioned by Puffendorf, that the Bolognian law, which enacted "that who-

---

[1] 244 Ala. 48.

ever drew blood in the streets should be punished with the utmost severity," did not extend to the surgeon, who opened the vein of a person that fell down in the street in a fit.' "

■ To this end this court has declared that in construing statutes, each section, paragraph and clause thereof must be construed as standing in pari materia and as a whole system, when they have the same general purpose; and this is necessary to determine the legislative intent. Shaw v. Kinney, 227 Ala. 170, 149 So. 227; Williams v. Schwarz, 197 Ala. 40, 72 So. 330, 336, Ann.Cas.1918D, 869; Wages v. State, 225 Ala. 2, 141 So. 707.

■ There are many decisions of the Supreme Court of the United States to the effect that the construction of a statute by its highest court in a state affords to a federal court an interpretation of its scope and meaning, and from which the validity of the statute in question, under the Constitution of the United States, is to be considered and determined in its application or administration. Smiley v. Kansas, 196 U.S. 447, 455, 25 S.Ct. 289, 49 L.Ed. 546; Cargill Co. v. Minnesota ex rel. Railroad & Warehouse Commission, 180 U.S. 452, 466, 21 S.Ct. 423, 45 L.Ed. 619; Lindsley v. Natural Carbonic Gas Co., 220 U.S. 61, 31 S.Ct. 337, 55 L.Ed. 369, Ann.Cas.1912C, 160; Jacobson v. Massachusetts, 197 U.S. 11, 24, 25 S.Ct. 358, 49 L.Ed. 643, 3 Ann. Cas. 765. That is to say, that the interpretation by the highest court of the state of the statutes of the state will not be disregarded by the Supreme Court of the United States and a different construction given that statute which will render it repugnant to the Constitution of the United States unless its natural context and administration are so repugnant to the organic law. Missouri Kansas & Texas Ry. Co. v. McCann et al., 174 U.S. 580, 586, 19 S.Ct. 755, 43 L.Ed. 1093; New York, Lake Erie & Western R. Co. v. Pennsylvania, 158 U.S. 431, 436, 15 S.Ct. 896, 39 L.Ed. 1043; Hughes, Federal Practice, Jurisdiction & Procedure, vol. 6, § 3708, p. 235, note 86, and many cases cited; Milk Wagon Drivers Union of Chicago, etc., v. Meadowmoor Dairies, 312 U.S. 287, 298, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200. It follows from this as a corollary thereof that the Federal Court is concerned solely with the effect and operation of the law as enforced by the state and whether the effect is violative of the Constitution of the United States. Corn Products Co. v. Eddy, 249 U.S. 427, 39 S.Ct. 325, 63 L.Ed. 689; Standard Oil Co. v. Graves, 249 U.S. 389, 39 S.Ct. 320, 63 L. Ed. 662.

■ It may not be out of place to advert to the rule of a criminal conspiracy which is that a distinct and substantive offense is committed when the unlawful agreement is entered into, Smith v. State, 8 Ala.App. 187, 62 So. 575; Connelly v. State, 241 Ala. 132, 1 So.2d 608, and that when an act has been committed by one conspirator in furtherance of that common design that is unlawful, all of the conspirators will be subject to trial for the conspiracy to commit the act or for the act itself as committed pursuant to that conspiracy. Jones v. State, 174 Ala. 53, 57 So. 31; West v. State, 25 Ala.App. 492, 149 So. 354; Smith v. State, 8 Ala.App. 187, 62 So. 575; Clark v. State, 240 Ala. 65, 197 So. 23.

■ The foregoing authorities likewise establish the proposition that such unlawful community of purpose entered into as a conspiracy need not be proven by positive testimony. It is rarely so to be shown. It must be determined by the triers of fact from the conduct of parties and all the relative testimony (Morris v. State, 146 Ala. 66, 41 So. 274; Clark v. State, supra); that of the attendant circumstances applying and accompanying the doing of the act, and from the conduct of the defendant subsequent to the criminal act. Swinney et al. v. State, 225 Ala. 273, 142 So. 562. Underhill's Crim.Ev., 4th Ed., p. 1418, § 779.

■ It may be further noted that when a prima facie conspiracy is established to commit an unlawful act, the several acts or declarations on the part of any of the conspirators in connection with and in furtherance of the common purpose, *before the commission of the offense,* may be shown in evidence, Abingdon Mills v. Grogan, 167 Ala. 146, 52 So. 596; Kennedy v. State, 182 Ala. 10, 62 So. 49; Underhill's Crim.Ev., 4th Ed., p. 1415, § 778; the declarations and acts only of the defendant *after the consummation of the conspiracy* may be considered against him, Clark v. State, supra.

■ With this view of the decisions in this and other jurisdictions, we consider the immediate decisions of the Supreme Court of the United States touching the 14th Amendment to the Constitution of the

United States, holding that it does not destroy the power of the state to duly enact proper police legislation as to subjects within the control of the state. Standard Chemical & Oil Co. v. City of Troy, supra; State v. Goldstein, supra; Davis v. Massachusetts, 167 U.S. 43, 47, 17 S.Ct. 731, 42 L.Ed. 71, and cases cited; Barbier v. Connolly, 113 U.S. 27, 5 S.Ct. 357, 28 L.Ed. 923; Minneapolis & St. Louis Ry. Co. v. Beckwith, 129 U.S. 26, 29, 9 S.Ct. 207, 32 L.Ed. 585; Giozza v. Tiernan, 148 U.S. 657, 13 S.Ct. 721, 37 L.Ed. 599; Jones v. Brim, 165 U.S. 180, 182, 17 S.Ct. 282, 41 L.Ed. 677.

In the recent case by this court of Carter et al. v. Knapp Motor Co. Inc., 11 So.2d 383, 384, 385, 386, it is observed of the administration by our courts as follows:

"Our decisions are to the effect that the right to conduct one's business without the wrongful interference of others is a valuable property right which will be protected, if necessary, by injunctive process. Bowen v. Morris, 219 Ala. 689, 123 So. 222. And the enjoyment of the good name and good will of a business is likewise a valuable property right subject to like protection. Bankers' Fire & Marine Ins. Co. v. Sloss, 229 Ala. 26, 155 So. 371. One's employment, trade or calling is likewise a property right, and the wrongful interference therewith is an actionable wrong. United States Fidelity & Guaranty Co. v. Millonas, 206 Ala. 147, 89 So. 732, 29 A.L.R. 520. * * *

"And as observed by the United States Supreme Court in Jones v. City of Opelika, 316 U.S. 584, 62 S.Ct. 1231, 1237, 86 L.Ed. 1691, 141 A.L.R. 514:

"'* * * courts are competent to adjudge the acts men do under color of a constitutional right, such as that of freedom of speech * * * and to determine whether the claimed right is limited by other recognized powers, equally precious to mankind.'

"And again the same Court in Carpenters and Joiners Union of America v. Ritter's Cafe, 315 U.S. 722, 62 S.Ct. 807, 809, 86 L.Ed. 1143:

"'Whenever state action is challenged as a denial of "liberty", the question always is whether the state has violated the "essential attributes of that liberty."'".

It follows from the foregoing cases and others not to be cited, that it is recognized under the Constitutions, state and federal, that a person's business is property and if lawfully conducted is entitled to protection from unlawful interference. Truax et al. v. Corrigan, 257 U.S. 312, 327, 42 S.Ct. 124, 66 L.Ed. 254, 27 A.L.R. 375; Gompers v. Buck's Stove & Range Co., 221 U.S. 418, 31 S.Ct. 492, 55 L.Ed. 797, 34 L.R.A.,N.S., 874; Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L.Ed. 260, L.R.A.1918C, 497, Ann.Cas.1918B, 461; International News Service v. Associated Press, 248 U.S. 215, 39 S.Ct. 68, 63 L.Ed. 211, 2 A.L.R. 293; Duplex Co. v. Deering, 254 U.S. 443, 465, 41 S.Ct. 172, 65 L.Ed. 349, 16 A.L.R. 196; Milk Wagon Drivers Union of Chicago etc. v. Meadowmoor Dairies, Inc., 312 U.S. 287, 294, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200; Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 31(6), 155 So. 371.

It follows that where the protection of the Federal Constitution is sought to overthrow legislation of this character by the state, the fundamental question arises:

"* * * Is this a fair, reasonable, and appropriate exercise of the police power of the state, or is it an unreasonable, unnecessary, and arbitrary interference with the right of the individual to his personal liberty, or to enter into those contracts in relation to labor which may seem to him appropriate or necessary for the support of himself and his family? Of course the liberty of contract relating to labor includes both parties to it. The one has as much right to purchase as the other to sell labor.

"This is not a question of substituting the judgment of the court for that of the legislature. If the act be within the power of the state it is valid, although the judgment of the court might be totally opposed to the enactment of such a law. But the question would still remain: Is it within the police power of the state? and that question must be answered by the court." Lochner v. New York, 198 U.S. 45, 56, 57, 25 S.Ct. 539, 543, 49 L.Ed. 937, 3 Ann. Cas. 1133.

See, also, Graves v. Minnesota, 272 U.S. 425, 428, 47 S.Ct. 122, 71 L.Ed. 331, and Gitlow v. New York, 268 U.S. 652, 666, 667, 668, 669, 45 S.Ct. 625, 69 L.Ed. 1138.

In the late case of Truax et al. v. Corrigan et al., 257 U.S. 312, 42 S.Ct. 124, 128, 66 L.Ed. 254, 27 A.L.R. 375, it was held:

"The legislative power of a state can only be exerted in subordination to the fundamental principles of right and justice which the guaranty of due process in the Fourteenth Amendment is intended to preserve, and that a purely arbitrary or capricious exercise of that power whereby a wrongful and highly injurious invasion of property rights, as here, is practically sanctioned and the owner stripped of all real remedy, is wholly at variance with those principles." New York Central R. Co. v. White, 243 U.S. 188, 37 S.Ct. 247, 61 L.Ed. 667, L.R.A.1917D, 1, Ann.Cas.1917D, 629, distinguished.

█ In these well-considered cases it is held that the Fourteenth Amendment leaves to the states an ample discretion in dealing with manifestations of force in the settlement of industrial conflicts. Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, Inc., 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200.

█ The demurrer as attacking the affidavit in question is a challenge of the constitutionality of the statute before us. Code 1940, T. 14, § 54, and it was applied in Bankers' Fire & Marine Ins. Co. v. Sloss, 229 Ala. 26, 155 So. 371. A necessity for its right construction, under the several constitutions and pertinent decisions, arises. Such construction brings the statute within the legislative intent of the State of Alabama, *limiting and confining it to a due scope and application and administration only to an unlawful* combination, conspiracy, arrangement or understanding for the purpose of hindering, delaying, or preventing, any other person, firm, corporation or association of persons from carrying on any *lawful business,* to the limit of the individual in the enjoyment and pleasure of his *lawful* business.

The trial court indicated such a construction by the overruling of the demurrer and the holding that the statute was a constitutional enactment of the state in the exercise of its police power. When so construed and administered, the statute is within the due exercise of the police power of the sovereign state and rightly enacted and administered for the lawful purpose of protecting the property and the rights of a person in his lawful business, and his right to conduct that business free from the unlawful acts of others condemned by the statute. That is to say, it is an enactment which operates in its due administration

thereof to the protection of the property rights and it does not offend the federal or state constitutions. Local Union No. 313 v. Stathakis, 135 Ark. 86, 205 S.W. 450, 6 A.L.R. 894. A contrary construction would deprive an owner of his property without due process of law and render nugatory the mandates of the Fourteenth Amendment to the Constitution of the United States. Hitchman Coal & Coke Co. v. Mitchell, 245 U.S. 229, 38 S.Ct. 65, 62 L. Ed. 260, L.R.A.1918C, 497, Ann.Cas.1918B, 461; Truax et al., etc. v. Corrigan, 257 U.S. 312, 328, 42 S.Ct. 124, 66 L.Ed. 254, 27 A. L.R. 375.

We have indicated that the Fourteenth Amendment to the Constitution of the United States does not destroy the power of the state to enact proper police legislation as to subjects within the control of the state, and that a person's business is his property so long as it is lawfully conducted and is entitled to protection from unlawful interference. Bankers' Fire & Marine Ins. Co. v. Sloss et al., 229 Ala. 26, 155 So. 371.

When the statute is so construed and applied and administered, it does not come within the influence of Thornhill v. Alabama, 310 U.S. 88, 106, 60 S.Ct. 736, 84 L. Ed. 1093, or the holding in the recent case of Carter v. State, Ala.Sup., 11 So.2d 764. That is, the statute for construction is within the just distinction established and declared in the decision in the more recent case of Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, Inc., 312 U.S. 287, 61 S.Ct. 552, 85 L.Ed. 836, 132 A.L.R. 1200.

In the opinion of the majority, in the Drivers Union case, supra, clearly indicates that the Thornhill case, supra, has no application to the unlawful acts of the defendant declared and charged in the indictment under the statute duly directed to an unlawful conspiracy, combination or agency to hinder or interfere *unlawfully* with the carrying on of *any lawful business.* This is clearly stated by Mr. Justice Frankfurter in Milk Wagon Drivers Union of Chicago v. Meadowmoor Dairies, Inc., 312 U.S. 287, 291, 61 S.Ct. 552, 554, 85 L.Ed. 836, 132 A.L.R. 1200, as follows:

"The supreme court of Illinois sustained an injunction against the Milk Wagon Drivers Union over the latter's claim that it involved an infringement of the freedom of speech guaranteed by the Fourteenth Amendment. Since this ruling raised a

question intrinsically important, as well as affecting the scope of Thornhill v. Alabama, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, and Carlson v. California, 310 U.S. 106, 60 S.Ct. 746, 84 L.Ed. 1104, we brought the case here. 310 U.S. 655, 60 S.Ct. 1092, 84 L.Ed. 1419.

\* \* \* \* \* \* \*

"The starting point is Thornhill's case. That case invoked the constitutional protection of free speech on behalf of a relatively modern means for 'publicizing, without annoyance or threat of any kind, the facts of a labor dispute.' 310 U.S. 100, 60 S.Ct. 743, 84 L.Ed. 1093. The whole series of cases defining the scope of free speech under the Fourteenth Amendment are facets of the same principle in that they all safeguard modes appropriate for assuring the right to utterance in different situations. *Peaceful picketing is the workingman's means of* communication. [Italics supplied.]

"It must never be forgotten, however, that the Bill of Rights was the child of the Enlightenment. Back of the guarantee of free speech lay faith in the power of an appeal to reason by all the peaceful means for gaining access to the mind. It was in order to avert force and explosions due to restrictions upon rational modes of communication that the guarantee of free speech was given a generous scope. But utterance in a context of violence can lose its significance as an appeal to reason and become part of an instrument of force. Such utterance was not meant to be sheltered by the Constitution."

We are of opinion and declare that the statute in question is not a violation of the provisions of the state or federal constitutions.

All the Justices concur.

Jos. A. Padway, of Washington, D.C., and Merwin T. Koonce and A. A. Williams, both of Florence, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and L. S. Moore, Asst. Atty. Gen., for the State.

RICE, Judge.

Appellant was tried and convicted, by the court, sitting without a jury, upon an affidavit charging, essentially, that he, with others, "did, without just cause or legal excuse for so doing, enter into a combination, conspiracy, agreement, arrangement or understanding for the purpose of hin-

dering, delaying, or preventing C. P. Hansel from carrying on a lawful business, to-wit, the business of building houses."

▇ It will be noted that the affidavit charged accurately a violation of the terms of Section 54 of Title 14 of the Code of 1940.

But a single question worthy of note is apparent on the appeal: Whether or not said Code Section is in violation of the provisions of either the State or Federal Constitution, and hence void.

Believing that the section *was* unconstitutional, we, on Feb. 20, 1943, certified to our Supreme Court the categorical question, under the provisions of Code 1940, Tit. 13, Sec. 98.

A copy of our said certification (omitting the style of the appeal) follows, to-wit: "To the Supreme Court of Alabama:

"There is pending in our Court an appeal styled as above, wherein it was charged against appellant in the proper way, that he violated the terms of Code 1940, Title 14, Sec. 54.

"Said Code section, omitting, as unimportant, the title, is in the following language, to-wit: 'Two or more persons who, without a just cause or legal excuse for so doing, enter into any combination, conspiracy, agreement, arrangement, or understanding for the purpose of hindering, delaying, or preventing any other persons, firms, corporation, or association of persons from carrying on any lawful business, shall be guilty of a misdemeanor.'

"It is sufficient that we say that the case was tried by the court, sitting without a jury, and that there was ample evidence to support the judgment finding appellant guilty.

"The sole question on this appeal is as to whether or not the section of the Code quoted in the beginning of this certification is in violation of either the Constitution of Alabama or the Constitution of the United States—and hence void.

"This question was properly raised in the court below, and decided against appellant's contentions. If this decision was correct, the judgment should be affirmed. If it was incorrect it should be reversed, and a judgment here rendered discharging appellant from custody.

"Being of the opinion that said Code section is subject to the same vice as the section of the Code of 1923 held void by the Supreme Court of the United States in

the case of Thornhill v. State, 310 U.S. 88, 60 S.Ct. 736, 84 L.Ed. 1093, but being without authority to declare same unconstitutional, we hereby certify the question to you:

"Is or not Section 54 of Title 14 of the Code of 1940 invalid because in violation of any provision of the Constitution of Alabama or of the Constitution of the United States?

"For your convenience the record submitted here in the appeal in question is handed to you with this. (Code 1940, Tit. 13, Sec. 87 (?)."

On Feb. 24, 1943, the Supreme Court answered our said certification—a copy of which answer the reporter will set out in the report of this case.

 It will be observed the Supreme Court concluded its said answer with the, to us, conclusive (Code 1940, Tit. 13, Sec. 98) sentence: "We are of opinion and declare that the statute in question is not a violation of the provisions of the state or federal constitutions."

There being no error in the conduct of the trial of the case in the court below, it results the judgment must be affirmed. Code 1940, Tit. 13, Sec. 95.

It is so ordered.

Affirmed.