CITY OF TULSA et al. v. TERRILL et al.

No. 31334. June 13, 1944.

Rehearing Denied Oct. 3, 1944.

*151 P. 2d 917.*

E. M. Gallaher, L. A. Justus, Philip J. Kramer, and C. L. Elder, all of Tulsa, for plaintiffs in error.

Luther P. Lane, of Tulsa, for defendants in error.

BAYLESS, J. G. W. Terrill and William M. Kelly filed a joint petition for a writ of certiorari in the district court of Tulsa county, Okla., seeking the issuance of a writ to the city of Tulsa, a municipal corporation, and certain named members of the board of commissioners of said city. Petitioners sought thereby to secure a review of the order of the board of commissioners of said city discharging them from the

police force of said city. After issues had been joined and the case had been heard, judgment was rendered in favor of petitioners, and the city appeals.

It is conceded that petitioners were legal members of the police force of the city and subject to the power of the governing board of the city to discharge them from said force for cause under section 30, art. 11, of the city charter. A several charge was filed against each officer and a joint charge against both. Witnesses were heard on both sides and at the conclusion of the hearing the following order, signed by the mayor and three of the commissioners, was entered:

"The hearing having been concluded in the matter of charges filed against Officers Terrell and Kelley, it is the decision of the city commission that for the best interest of the city, in the matter of strict law enforcement, these officers are unfit to remain in the service of the city, and are therefore discharged."

On the trial of the matter in the district court, the record of proceedings before the board of commissioners was introduced in evidence, and at the conclusion of the trial the trial judge said, as we have noted above, that the issue of jurisdiction of the board was unquestioned, and that his consideration of the case was limited wholly to the issue of whether the board of commissioners of the city exceeded its jurisdiction in the decision rendered.

In the course of the trial court's remarks, which constitute a part of the journal entry of judgment, the trial court implied that an order of dismissal under the city charter would be in excess of the power of the board if it was based upon a finding of guilt with respect to a charge or charges not filed. The specific charges filed severally and jointly involve the alleged keeping by these officers of quantities of liquor seized by them in the course of their duties. It will be observed that the decision above quoted did not in so many words find them guilty of these specific charges but found generally that they were unfit to remain in the service of the city. We construe this to be a general finding of guilt of the specific charges, and to amount to a conviction of unfitness by reason thereof.

In these remarks the trial court also said that it was his duty to examine the record to determine whether there was any evidence introduced at the trial to support the order of discharge. He pointed out that this duty did not involve weighing the evidence but did involve determining whether there was any evidence, whether the evidence was competent, or whether the decision, in view of the evidence introduced, was arbitrary. With this standard before him the trial court proceeded to find that there was no competent evidence in the record to support the order of discharge rendered.

We are of the opinion that in so finding the trial court erred, and that the error occurred in attempting to weigh the evidence. We said in Parmenter v. Ray, 58 Okla. 27, 158 P. 1183, and many cases since, that this writ cannot be used to correct errors of law or fact committed by such a body as the board of commissioners in this case when acting within its jurisdiction. Both parties recognize this to be the binding rule.

Upon an examination of the record we find that the board conducted a hearing and gave the officers an opportunity to be heard on the charges, as provided by the charter provisions.

The judgment of the trial court appealed from is reversed and the matter is remanded, with directions to quash the writ.

CORN, C.J., GIBSON, V.C.J., and OSBORN, HURST, and ARNOLD, JJ., concur.