BURGE v. OKLAHOMA EMPLOYMENT
SEC. COMMISSION et al.

No. 33048.   April 20, 1948.

Rehearing Denied June 29, 1948.

*195 P. 2d 285.*

Edward M. Box, of Oklahoma City, for plaintiff in error.

Bruton Wood, Burton Duncan, and Gerald S. Tebbe, all of Oklahoma City, for defendants in error.

BAYLESS, J.   This action was originally brought in the district court of Oklahoma county by J. Ted Burge, hereinafter referred to as plaintiff, seeking to restrain the defendants, Oklahoma Employment Security Commission, hereinafter referred to as commission, and H. E. Pendergast and T. D. Nicklas, from discharging him as claims examiner of the commission, pursuant to an order made by them, until he had had an opportunity to be heard on appeal by the Merit System Council, hereinafter referred to as Council.   While said suit was pending, his appeal was heard by the Council and said Council recommended that said plaintiff be reinstated, but the commission refused to concur in the recommendation of the Council and affirmed its previous order of discharge.

Thereafter plaintiff filed an amended and supplemental petition seeking relief by way of certiorari.   In his petition plaintiff in substance alleged that he was employed by commission, which is a statutory body created under the laws of Oklahoma, and that said commission adopted rules governing the eligibility, classification, and regulation of their employees under a merit system. He then pleaded certain rules relating to the tenure of office of permanent employees, method of dismissal, appeal from an order of dismissal, recommen-

dations of the Council to the commission, and consideration of such recommendations by the commission.

Plaintiff further alleged that under said rules it was the duty of the commission to rate and grade employees every six months in the following classifications; "excellent", "very good", "good", "fair", or "unsatisfactory"; that the performance of the employee for the entire period for which he is rated must be considered. The rater must not be influenced by his performance in a short time immediately preceding the preparation of the service rating. Said rules also provided against discrimination in said rating.

Plaintiff alleged that at all times prior to the 27th day of June, 1945, his rating over a period of seven years had been "very good". Plaintiff then alleged that the defendants, Pendergast and Nicklas, his superiors, conspired to reduce his grade to "fair" instead of "very good"; that he appealed from the action rating him as "fair" to said Commission; that no charges were ever filed upon which said Commission was authorized to order his discharge, but that upon said hearing an order was entered ordering his discharge. Plaintiff alleged that Nicklas and Pendergast were prejudiced against said plaintiff because he had testified in a hearing before the commission, which hearing resulted in the discharge of Pendergast by the commission. Plaintiff further alleged that he appealed from the commission's order discharging him to the Council and after a full hearing the Council recommended that he be reinstated, but that said commission refused to concur in said recommendation of the Council and reaffirmed the previous order of discharge. Plaintiff also alleged that said action of the commission was unjustified because said action was not based upon any charges filed, or proof adduced, at said hearing; further, that said commission is bound to follow the recommendation of the Council on appeal, but that said commission disregarded the recommendation of said Council arbitrarily.

To which pleadings the defendant commission answered, alleging in substance, that said commission is a statutory body created under the laws of Oklahoma; that its powers and duties are defined by the Oklahoma Employment Security Act (40 O.S. 1941 §§211 et seq.) as amended (Laws 1941, pages 136 et seq.), and that said commission had promulgated certain rules as alleged by plaintiff. It denied that the rating given to plaintiff by Pendergast and Nicklas was arbitrary. It further alleged that plaintiff should have been rated as "unsatisfactory"; that the commission had the authority to discharge plaintiff; that it was not bound to follow the recommendation of the Council; that the action of the commission was lawful and reasonable and in accordance with its rules; and that the discharge of plaintiff was based on proper cause after hearing and based upon competent evidence. Defendant further alleged that the district court had no jurisdiction over the defendant commission; that said action was in effect a suit against the state and the state had not given its consent to sue said commission; and that this action seeks to control the discretion of said commission in the performance of its duties.

The defendants, Nicklas and Pendergast, filed similar answers, to which the plaintiff filed a reply consisting of a general denial. At the trial plaintiff offered as evidence the record presented to the Merit System Council, including the testimony before the commission. The separate demurrers of the defendants were overruled. Thereafter both plaintiff and defendants moved for judgment. The trial court rendered judgment denying plaintiff any relief.

Pursuant to plaintiff's request for a hearing concerning change of rating, the record discloses that three hearings were held by the commission, the first one on August 9th, the second,

August 23rd, and the last hearing on August 27th. At the hearings held on August 23rd and August 27th, considerable evidence was introduced concerning the unfitness, attitude, and ability of plaintiff as an employee. The evidence produced at these hearings was designed to show that the rating of plaintiff should have been "unsatisfactory". At these hearings plaintiff produced evidence to show that his work, as well as his attitude, justified his contention that he should have been rated as "very good", if not better. We deem it unnecessary to go into detail concerning the evidence presented to the commission except to say that hearings were held, at which the plaintiff was present and had an opportunity to, and did, present his side of the controversy to the commission.

Plaintiff, in his first proposition, contends that the commission was without jurisdiction in the hearings held to order plaintiff's discharge. In support of this proposition plaintiff contends that the only matter the commission was authorized to consider was his request for a hearing based upon his protest changing his rating from "very good" to "fair". Plaintiff refers to section 2, art. 12 of the rules of the commission, which provides in substance that the commission, after notice in writing to an employee stating specific reasons therefor, may dismiss an employee for cause. Section 6 of art. 12 provides in substance that the tenure of every permanent employee shall be during good behavior and the satisfactory performance of his duties as disclosed by his service rating. Plaintiff, therefore, states that construing sections 2 and 6, supra, together, means that as long as the employee performs his work satisfactorily, he cannot be discharged by the commission except after a notice in writing stating specific reasons therefor and after an opportunity to be heard is accorded; and in support of his contention, cites McCain v. Collins, 204 Ark. 521, 164 S.W.

2d 448, which involved a similar question. Therein the court said:

"The rules under which Collins was working, provide, among other things; 'The appointing authority, after notice in writing to an employee stating specific reasons therefor, may dismiss an employee who is negligent,' etc.

"It is also provided that after notice the appointing authority may suspend an employee. Notice, of course, is required to be given so that the employee may have a hearing and that he may present any defense he may have. In this case the notice was not given and Collins really had no opportunity to have a hearing and present his defense until he appealed to the Merit System Council.

"'It is thoroughly settled that where an officer does not hold at pleasure, but holds during good behavior or subject to removal for specified causes, then, before he can be removed there must be notice and a hearing given to him.'"

Plaintiff argues that since the only question presented to the commission was the correctness of his rating for a six-month period, said commission did not have authority to consider any other question, and that if they felt his services were unfit, the commission should have given him written notice specifying the charges against him so that he would have an opportunity to defend against said charges.

The defendants, answering said contention, contend that the rules do not specifically provide for a notice or opportunity to be heard, and that therefore the commission is not required to give notice and an opportunity to be heard, since the employee would have a right of appeal to the Council. They further contend that the commission is vested with discretion in the employment as well as the discharge of its employees and that the courts have no jurisdiction to control such discretion. However, we believe that when sections 2 and 6, supra, are construed to-

gether, it contemplates that before the commission is authorized to discharge an employee, said employee is ordinarily entitled to notice and an opportunity to be heard. See McCain v. Collins, supra, and the cases therein cited. However, such notice is not in all cases indispensable. In the instant case since the plaintiff requested a hearing on his rating, we do not think the commission was limited in its hearing to determine the sole question as to whether the plaintiff's grade should be "very good" or "fair". We think that at such hearing the commission was authorized to consider all evidence presented concerning plaintiff's fitness, attitude, competency, or any other facts pertaining to his qualifications, and in such hearing had the power to give plaintiff such rating as the evidence justified, including that of "unsatisfactory". Since the evidence presented to the commission was of such a character as to justify an "unsatisfactory" rating, the commission would then be authorized to discharge plaintiff if they found that his rating should be "unsatisfactory".

Under such circumstances, we do not feel that plaintiff was entitled to notice or that the charges against him should be in writing since he had requested the commission to act, and under such request the commission was authorized to make any rating the evidence justified. If a rating of "unsatisfactory" was justified under the evidence, it was the duty of the commission to order his discharge. The plaintiff had a full hearing. He heard the complaints which were registered against him at the hearing on August 23rd, and the commission adjourned said hearing to August 27th, at which time additional evidence was presented against him, which was of a cumulative nature; and thereafter plaintiff presented his evidence showing his fitness, and that he was entitled to the rating contended for. He also presented evidence refuting the unfavorable evidence presented against him. The order of discharge

was served on him September 26th, and said order provided that it should not become effective until October 10th. Under the order he was given ample time to perfect his appeal to the Council, which appeal was in effect perfected on October 6th.

In his brief, plaintiff states:

"We contend that when each six months' rating is made and filed, it becomes and is a permanent and unimpeachable part of the record of the employee to which it has reference, and is not subject to impeachment by the rater himself, or by any other process at some future date. . ."

The same contention was advanced in a somewhat similar case in State v. Henry (Wis.) 266 N.W. 227, and the court in that instance rejected such contention in the following language:

" . . . The trial court excluded evidence relating to the official record of the petitioner prior to January 1, 1933, when the defendant took office. It is considered that in so ruling the trial court was in error. What the officer reviews is not what happened during his term, but the record of the person which is being examined to determine whether or not just cause for his discharge exists. . . . The whole record of the incumbent therefore is subject to review."

One of the charges made against plaintiff in the hearings conducted by the commission concerned certain statements that he had made in 1944. The record discloses that such statements did not come to the attention of any person in authority until a much later date, and that said statements never came to the commission's attention until the time of the hearing. Under such circumstances, it would be illogical to prevent the commission from considering such statements which, if true, showed his unfitness for the position. We think the commission is authorized to consider evidence concerning the entire period of his employment when it is disclosed that said evidence was not considered in his previous ratings.

Defendants contend that the power to remove an employee is executive in nature and not judicial or quasi judicial, and that the courts will not interfere with the executive officer charged with the responsibility of removal, and cite cases supporting such contention. However, the cases cited by defendants from this jurisdiction do not involve employees of the Oklahoma Employment Security Commission wherein the tenure of office as well as the method of discharge is prescribed in rules promulgated by the commission employing them. We think the purpose and effect of the merit system is to take from the appointing power the right of arbitrary removal.

For his second proposition plaintiff states:

"That the Merit System Council is an appellate body of superior jurisdiction, and that its findings and recommendations have the force and effect of a judgment rendered by a superior tribunal."

In support of this proposition plaintiff refers to the rules of the commission providing for the establishment of the Council, and in such rules it was provided, among other powers vested in said Council, the following:

"(a) To establish general policies for the administration of Merit System examinations and the hearing of personal appeals as provided for in Article XIII.

"(b) To hear such appeals, or to establish impartial bodies to hear such appeals on its behalf."

Also:

"(a) A permanent employee who is dismissed, suspended, or demoted shall have the right to appeal to the Council not later than thirty days after the effective date of the dismissal, suspension or demotion. Both the employee and his immediate supervisor shall be notified reasonably in advance of the hearing and shall have the right to present witnesses and give evidence before the Council.

"(b) The Council, within three days after the hearing, shall make its recommendations in writing to the appointing authority for consideration of the agency.

"(c) After consideration of the Council's recommendation, the agency shall make its decision, which shall be final. . ."

The Council heard plaintiff's appeal and recommended that plaintiff be reinstated, but the commission refused to concur in such recommendation. Plaintiff contends that since the Council was given the power to hear appeals, that such power presupposes the vesting of power in an appellate body to regulate the action of an inferior tribunal.

We think the commission's answer fully disposes of this contention when they point out that the Council was created by the commission; that the Council derived all of its powers under the rules promulgated by the commission; and that when said commission provided in the rules that its decision should be final, it is clear that it did not intend to divest itself of the power to render a final decision in all such cases.

Plaintiff for his third proposition contends that the evidence adduced before the commission was insufficient to support the findings made in the order of September 20, 1945. He then summarizes the evidence and seeks to show that the commission's actions were unjustified.

Defendants call attention to the journal entry which discloses that the trial court found that the commission did not act "arbitrarily, unreasonably, or capriciously in discharging the plaintiff," and that the discharge of plaintiff was a reasonable exercise of the statutory power granted to the Commission.

Defendants also call our attention to the case of City of Tulsa v. Terrill et. al., 194 Okla. 380, 151 P. 2d 917, which

prevents us from reviewing the sufficiency of the evidence. In that case we held:

"The common-law writ of certiorari as used in this jurisdiction brings up for review only two questions: (1) did the inferior court or board have jurisdiction, and (2) did it keep within that jurisdiction in the order made or action taken. It cannot be used to correct errors of law or fact committed by the inferior court or board within the limits of its jurisdiction."

Other propositions are presented in the brief of defendants which we deem unnecessary to discuss.

For the reasons above stated, the judgment is affirmed.

HURST, C.J., DAVISON, V.C.J., and CORN and ARNOLD, JJ., concur. WELCH, J., dissents.