JABS, Appellant, v. STATE BOARD OF PERSONNEL, Respondent.

*February 28—March 14, 1967.*

For the appellant there were briefs by *Peterson, Sutherland, Axley & Brynelson,* and oral argument by *Eugene O. Gehl,* all of Madison.

For the respondent the cause was argued by *Robert J. Vergeront,* assistant attorney general, with whom on the brief was *Bronson C. La Follette,* attorney general.

GORDON, J.  Before her employment with the state became permanent, Mrs. Jabs was obliged to be away from her work from January 27, 1964, until April 6, 1964. Although she was only entitled to a maximum of thirty days' absence under administrative leave pursuant to personnel rule 18.05 (I) (a), Wisconsin Administrative Code, Mrs. Jabs' superiors allotted certain time payable to her at selected intervals so that she did not exceed the maximum of thirty days of uninterrupted absence.

This manipulation of the records was done to "hold the time" for Mrs. Jabs during her illness. The second time Mrs. Jabs was ill and had to take a prolonged absence she had become a permanent employee of the state. On her second absence, from November 7, 1964, to January 18, 1965, her superiors did not favor her with the same kind of doubtful "adjustment" which had previously been applied. As a result of this, Mrs. Jabs was officially absent without leave after January 10, 1965, and she was discharged on January 18, 1965.

Mrs. Jabs now complains that it was unjust for her appointing officer to have applied all her sick leave and accumulated time off to consecutive days and thereby deprive her of the irregular extension of her permissible

absence which had been granted during her earlier illness. Neither the board of personnel nor the circuit court was impressed with this contention. Nor are we.

Mrs. Jabs maintains that her discharge is violative of sec. 16.24 (1) (a), Stats., which precludes discharge "except for just cause." We are unable to find any substantial evidence in this record which would require a finding contrary to that of the state board of personnel. It conducted a full hearing and found that the residence halls division acted in good faith in discharging Mrs. Jabs.

The employee's superiors had leaned over backward to carry Mrs. Jabs through her original period of prolonged illness. Subsequently, when the efficiency of the service was jeopardized and there was no assurance that she could return to work on February 1, 1965, the residence halls division was warranted in terminating her employment. The determination that her absence had an adverse effect upon the conduct of the cafeteria constituted a valid basis for discharge. In *State ex rel. Nelson v. Henry* (1936), 221 Wis. 127, 132, 266 N. W. 227, this court said:

"The civil service law has in view not only security of tenure but efficiency of service as well."

See also *State ex rel. Esser v. McBride* (1934), 215 Wis. 574, 578, 254 N. W. 657.

We fully recognize that Mrs. Jabs' absence was not wilful or frivolous. Also, as a new employee doing domestic work, she may not have been aware of the intricate rules relating to absence and leave. If she did not understand the strategy which was arranged during her original absence, she may have hoped that the same course would be followed a second time. Unfortunately for Mrs. Jabs, there is no duty on the part of a superior to inform an employee that there will be a correct application of the rules. Also, there is no duty to apprise an employee as to the mechanics of various leave devices in the absence of a request for such information.

A state employee cannot relieve himself of the responsibility of informing himself regarding the rules regarding sick leave merely by not making inquiry. We agree with the observation of the trial judge, who stated:

"The rules of the State Personnel Bureau are published and easily available to any state employe. Certainly in the course of a year on the job and having once had occasion to have a leave of absence of two months and ten days, it would seem no more than usual for the Petitioner to avail herself of getting the necessary information. The supervisor having advised her at Thanksgiving time of 1964 to 'keep in touch' was certainly not of such a nature as to mislead the Petitioner to the extent of discouraging her from ascertaining to her own knowledge what her rights were."

We do not believe that the appellant is entitled to rely on a doctrine of estoppel. Mrs. Jabs had the same means of knowledge available to all state employees, but she did not use them. *Monahan v. Department of Taxation* (1963), 22 Wis. (2d) 164, 168, 125 N. W. (2d) 331.

Mrs. Jabs urges that discharge in her case was arbitrary and capricious. In our recent holding in *Pleasant Prairie v. Johnson,* ante, p. 8, 148 N. W. (2d) 27, we defined an arbitrary or capricious decision as "one which is either so unreasonable as to be without a rational basis or the result of an unconsidered, wilful and irrational choice of conduct." *Olson v. Rothwell* (1965), 28 Wis. (2d) 233, 239, 137 N. W. (2d) 86.

There is little dispute as to the facts in this case. We agree with the board of personnel which found that upon those facts the appointing authority was entitled to discharge Mrs. Jabs. We also agree with the circuit judge's conclusion that there is nothing in the case of "a palpable inequitable nature." We conclude that there was just cause under sec. 16.24 (1) (a), Stats., and that the discharge was not arbitrary.

*By the Court.*—Judgment affirmed.