JOHN H. SHIELS, Chairman, Personnel Board
You have asked for my informal opinion as to whether the Personnel Board has exceeded its statutory authority in enacting rule Pers. 22.05.
Subsection (2) of sec. 16.24, Stats., provides in part:
". . . In case of a reduction in force because of a stoppage or lack of work or funds or because of material changes in duties or organization, permanent employes shall be laid off in accordance with rules established by the personnel board. The seniority and service ratings of employes shall be considered, in such manner as the rules shall provide, in determining the order of layoffs and reinstatements. The appointing officer shall confer with the director relative to a proposed layoff a reasonable time before the effective date thereof in order to assure compliance with the rules. Persons so laid off shall be placed on the appropriate reinstatement list. . . ."
Except for that portion of the language relating to giving consideration to seniority and service ratings, this language originated in ch. 465, Laws of 1929. The index card for this law at the Legislative Reference Bureau states:
"REMARKS:
A revision of the civil service law worked out mainly by A.E. Garey, secretary of the civil service commission, in conjunction with Harold C. Henderson, special advisor in the executive office. Frank E. Telford, director, Bureau of Public Personnel Administration, Washington, also brought to Madison for consultation on this bill, which was treated as an administrative measure. Amdts 1, A., 1, S. and 3, N. also prepared for Senator Garey."
The language relating to seniority and service ratings originated in ch. 321, Laws of 1941, and the Bureau's index card on that law states: *Page 143 
"REMARKS:
This measure based on Sub. Amdt 2, A. to Bill 463, A., 1939 session, which was offered by the same author. It was worked out by Speaker Thomson in cooperation with Roy E. Kubista, executive secretary of the State Employees Association, and A.J. Opstedal, acting director of the Bureau of Personnel Adopted Amdt 6, S. not drafted by us. Amendment 1, S. requested by Elmer E. Barlow for the executive office. The remaining adopted amendments supported by the State Employees Association."
The first portion of sec. 16.24 (2), Stats., which is not quoted above, provides that provisional employes, emergency employes, limited term employes and seasonal employes may be laid off at the discretion of the appointing officer. The quoted portion relating to permanent employes directs that more than the discretion of the appointing officer controls when conditions require permanent employes to be laid off. The legislature has delegated to the Personnel Board the authority to adopt rules to implement layoffs of permanent employes, specifically directing that both seniority and service ratings of employes be considered "in such manner as the rules shall provide."
Although "layoff" is not defined, per se, it is intended to mean "a reduction in force because of stoppage or lack of work or funds or because of material changes in duties or organization."
Pursuant to this legislative authority, the Personnel Board has adopted Pers. 22.05, which provides:
"Pers. 22.05 Demotion in lieu of separation. In the event that the services of a permanent employe are about to be terminated in a given class as a result of reduction in force, such employe shall be entitled to a position in the same department in a lower class in the series or to a transfer to a class in another series in which his training and experience as a state employe have qualified him, provided that the order of layoff as set forth in the law and these rules permits."
This rule allows a permanent employe in jeopardy of being laid off to bump another employe in a lower class in *Page 144 
the same series or another series for which he is qualified, providing he can favorably compete with the other employe on the basis of greater seniority and superior service ratings. The rule gives practical effect to the often stated doctrine that "civil service law has in view not only security of tenure but efficiency of service as well." Jabs v. StateBoard of Personnel (1967), 34 Wis.2d 245, 148 N.W.2d 853. State ex rel.Nelson v. Henry (1936), 221 Wis. 127, 132, 266 N.W. 227. State ex rel.Esser v. McBride (1934), 215 Wis. 574, 578, 254 N.W. 657. The rule encourages civil service employes to better themselves within the service by competing for more responsible positions. It provides additional incentive for employes to achieve better service ratings. The absence of such a rule would strike at the heart of the State's merit system by penalizing the loyal and competent employe who advances in position.
The rule is consistent with the statement of policy in sec. 16.01 of the State's civil service law which declares:
"16.01 Statement of Policy. It is the purpose of this subchapter to provide the state's agencies with adequate and competent staffs which furnish the state's services to its citizens as efficiently and effectively as possible. It is the policy of the state that, in the classified service, such staffs shall and can best be provided by personnel management methods which apply the merit principle, with adequate civil service safeguards. To this end, the personnel board and the department of administration, its officers and employes, shall develop, promote and protect a personnel management program which assures that the state hires the best qualified persons available and bases the treatment of its employes upon the relative value of each employe's services and his demonstrated competence and fitness."
The bumping process is a part of the layoff process, and is directly tied into seniority. It is an accepted practice in the private sector and usually is established through negotiated contracts resulting from collective bargaining. Such cannot be the case under present State civil service law, since sec. 111.91 (1)(b), Stats., authorizes collective bargaining on seniority as limited to the "application of seniority *Page 145 
rights as affecting the matters contained herein." In other words, seniority rights can be the subject of collective bargaining on the enumerated matters listed in sec. 111.91 (1), Stats., which only includes grievance procedures, work schedules, vacations, sick leave, work rules, health and safety practices and intradepartmental transfers. Under present State civil service law, the authority for a rule on bumping comes from sec. 16.24 (2), Stats.
Bumping situations referred to in other sections of Subchapter II of ch. 16, Stats., the State civil service law, are found in sec. 16.274 and sec. 16.276 (3), Stats. The former refers to permanent employes leaving the classified service to take a position in the unclassified service, and being "entitled to return to such former position or to one with equivalent responsibility and pay in the classified service without loss of seniority or civil service status." The latter refers to employes leaving the classified service to fulfill their obligation in the armed forces. It provides for the restoration of employment for the returning veteran. The substitute employe bumped by the veteran must be transferred to a similar position in the same agency if one is available.
Your letter makes reference to an informal opinion of my predecessor written on February 9, 1965, to Mr. C.K. Wettengel, Director, Bureau of Personnel. I am in accord with that portion of the opinion which concludes that a permanent employe laid off under sec. 16.24 (2), Stats., is not entitled to an administrative review of such action before the Personnel Board, but would have to seek a Chapter 227 judicial review of the decision producing his layoff in Dane County Circuit Court.
That opinion also concluded that Pers. 22.06 is an invalid rule, unauthorized by statute, and an attempt to confer on appointing officers a power clearly not conferred on them by statute. Pers. 22.06 provides:
"Pers. 22.06 Reduction in pay or position. The appointing officer may, in lieu of layoff, demote or reduce an employe in pay or position." *Page 146 
I am also in accord with that portion of the opinion. Because its reasoning may appear to be in conflict with the subject matter of the instant opinion, which recognizes the validity of Pers. 22.05, a further explanation is needed.
Bumping, the subject matter of Pers. 22.05, is directly related to seniority rights and is generally considered a part of layoff procedures. Accordingly, it is my opinion that the rule is an appropriate response to the legislative directive in sec. 16.24 (2), Stats., for the Personnel Board to establish rules on layoff procedures. The particular consideration required to be given seniority and service ratings is preserved by the proviso at the end of the rule which is an indirect reference to Pers. 22.04. Pers. 22.05 must be read with Pers. 22.04, both rules relating to different stages of the layoff procedure.
On the other hand, I share any predecessor's view that Pers. 22.06 is an alternative action to layoff, and not authorized by statute.
The argument raised in the former opinion relating to sec. 16.10 (3), Stats., is not applicable to Pers. 22.05. That subsection states:
"(3) No person shall be appointed, transferred, removed, reinstated, promoted or reduced as an officer, clerk, employe or laborer in the classified service in any manner or by any means, other than those prescribed in ss. 16.01 to 16.32."
The term "laid off" is not mentioned in that subsection, nor do I think the word "removed" was intended to include "laid off" within its meaning. My reasoning is based upon the heading to sec. 16.24, Stats., which is indicative of legislative intent, and a careful reading of the section. The heading includes the terms, "Removals, suspensions, discharges, reductions, dismissals, layoffs, [and] resignations." Subsection (1) of sec. 16.24, Stats., concerns itself with removals, suspensions, discharges and reductions. Subsection (2) of sec. 16.24, Stats., concerns itself with dismissals, layoffs and resignations. Removals and layoffs are distinct matters separately treated under the statutes. Accordingly, Pers. 22.06 being unrelated to layoff procedures, is not *Page 147 
authorized under the rule-making authority of sec. 16.24 (2), and is contrary to sec. 16.10 (3), Stats.
However, the same reasoning cannot be applied to Pers. 22.05, which is a valid rule relating to layoff procedures under the rule-making authority granted in sec. 16.24 (2), Stats.
RWW:APH